IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ERIC DANTE PITT,
*For himself and on behalf of all similarly situated individuals,*
Plaintiff,

v.                                                       Civil Case No. 3:11-cv-00697-JAG

K-MART CORPORATION,
*a wholly owned subsidiary of Sears Holdings Corporation,*

AND

SEARS HOLDINGS CORPORATION,
Defendants.

### INITIAL PRETRIAL ORDER

This case is scheduled for trial with a jury on April 15-19, 2013, at 9:30 a.m. each day.

1.     **Contact Information.**     Counsel shall disclose to each other their email addresses as well as street addresses, which shall not be a post office box. *Pro se* litigants shall not be governed by this rule, and counsel need not disclose a street address to *pro se* litigants.

2.     **Due dates.**     Whenever a due date is imposed on a party by this Order, and the due date is a weekend or holiday, the duty shall be performed the last business day *before* the weekend or holiday.

3.     **Settlement Conference.**     Within thirty (30) days of the entry of this Order, the parties shall contact the designated Magistrate Judge to schedule a settlement conference.

4.     **Joinder.**     Any motions to join additional parties shall be filed within fourteen (14) days of the date of this Order.  After fourteen days, any party moving to join an additional

party shall show good cause why it was not possible to join the new party within fourteen (14) days of the entry of this Order.

5. **Amendments.** Any motions to amend a pleading shall be filed within thirty (30) days of the entry of this Order.

6. **Answer.** Any party who has not done so shall file an answer within ten (10) days of the date of this Order, notwithstanding any pending dispositive motions. In extraordinary cases, the Court will modify this requirement on motion of a party.

7. **Discovery.** Discovery deadlines shall be governed by the parties' agreed scheduling order (Dk. No. 18).

No party shall take more than five (5) depositions of non-party witnesses. Counsel may agree among themselves to take more than five (5) non-party depositions, or may request leave of Court to do so. For purposes of this paragraph, a deposition of a non-party entity under Fed. R. Civ. P. 30(b)(6) shall count as one deposition, even if the entity designates multiple witnesses to testify.

Counsel shall serve all discovery requests by e-mail. In addition, a hard copy shall be served. *Pro se* litigants, however, are not required to serve discovery by e-mail, and represented parties are not required to serve *pro se* litigants by e-mail.

8. **Expert Witnesses.** The deadlines for Rule 26(a)(2) disclosures shall be governed by the parties' agreed scheduling order (Dk. No. 18). Motions, by either party, challenging the designation of experts shall be filed at least by February 15, 2012.

Each party may call only one expert per discipline absent Court order.

9. **Settlement**. Counsel shall notify the Court immediately of any settlement. The Court will place the case on the docket for presentation of a final order within fifteen (15)

2

calendar days of notification.  If a fully executed order is received prior to the presentation date, the case will be removed from the docket and counsel need not appear.  If such an order is not timely submitted, the action will be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

10.   **Motions.**   Deadlines for motions for summary judgment shall be governed by the parties' agreed scheduling order (Dk. No. 18).

Motions in limine shall be filed so that they can be fully briefed before the final pretrial conference, at which time the Court will rule on them.  If no final pretrial conference is scheduled, motions in limine shall be filed so that they mature for hearing no later than April 5, 2012.

The parties may request oral argument on any motion, but it is the Court's policy not to hear oral argument if a motion may be decided on the papers.

Once filed with the Clerk, one (1) courtesy copy of all pleadings and motions greater than thirty (30) pages in length shall be delivered to Chambers by the next business day.

11.   **Stipulations.**   Counsel shall meet or confer by telephone no later than March 5, 2012 in an attempt to enter into stipulations of fact or law.  Plaintiff's counsel shall file the agreed upon stipulations with the Clerk of Court no later than March 15, 2012.  This paragraph shall not apply to *pro se* litigants.

12.   **Designation of Discovery.**   By no later than March 5, 2012, the plaintiff shall designate any discovery, including deposition excerpts, the plaintiff intends to introduce at trial. By no later than March 15, 2012, the defendant shall designate any discovery the defendant intends to introduce, including "fairness" portions of deposition transcripts.  The plaintiff may designate any rebuttal discovery no later than March 20, 2012.

3

In designating portions of depositions for use at trial, the parties must indicate the page and line numbers of excerpts.

In non-jury cases, by no later than March 25, 2012, the parties should deliver to chambers summaries of deposition testimony, pursuant to the Local Rules.

Any objections to the use of designated discovery shall be filed no later than March 25, 2012, with a copy of the discovery objected to. Objections shall state the basis of the objection, and shall include a citation to the appropriate Federal Rule of Evidence, Order of this Court, or other authority.

Discovery not designated pursuant to this paragraph shall not be admitted into evidence.

Parties need not designate discovery materials used solely for impeachment or cross-examination.

13.    **List of Witnesses.**    By no later than March 5, 2012, the plaintiff shall file a list of witnesses who may be called. By no later than March 15, 2012, the defendant shall file a list of witnesses. The plaintiff shall file a list of rebuttal witnesses no later than March 20, 2012. Witnesses named in the plaintiff's initial list of witnesses need not be listed as rebuttal witnesses. All parties' witness lists must include witnesses called exclusively for impeachment or rebuttal.

Any objections to witnesses identified shall be filed with the Court no later than March 25, 2012. Objections shall state the basis of the objection and shall include a citation to the appropriate Federal Rule of Evidence, Orders of this Court, or other authority.

Any witnesses not listed pursuant to this paragraph will not be allowed to testify.

14.    **List of Exhibits.**    The plaintiff shall file a list of exhibits no later than March 5, 2012. The defendant shall file a list of exhibits no later than March 15, 2012. The plaintiff shall file a list of rebuttal exhibits no later than March 20, 2012. With each list, the parties will

serve on opposing counsel copies of the exhibits.  The exhibits shall be numbered and, if more than ten (10) in number or more than twenty (20) total pages, bound in notebooks.  The parties shall include on the respective lists all exhibits that may be offered for demonstrative purposes.

Any objections to proposed exhibits shall be filed with the Court no later than March 25, 2012, with a copy of the exhibits objected to.  Objections shall state the basis of the objection, and shall include a citation to the appropriate Federal Rule of Evidence, Orders of this Court, or other authority.

Any exhibit to which no objection is made shall be deemed admitted into evidence without further action by counsel.

Any exhibit not listed pursuant to this paragraph will not be admitted into evidence.

15.     **Final Pretrial Conference.**  At the final pretrial conference, the Court will rule on motions in limine and objections to exhibits and witnesses.  In some cases, the Court may not schedule a final pretrial conference.  In those cases, the parties should call chambers to set a date to argue motions in limine.

16.     **Voir Dire.**     If this is a jury case, the parties shall file proposed voir dire questions no later than April 10, 2012.

17.     **Jury Instructions.**   If this is a jury case, each party shall file proposed instructions no later than April 10, 2012.  The parties shall submit two copies, one with authority at the bottom and one without authority.  The parties shall deliver a copy of the instructions to chambers, on CD-ROM or USB flash drive, in WORD format.

18.     **Proposed Findings of Fact and Conclusions of Law.**     If this case is tried without a jury, the parties shall file proposed findings of fact and conclusions of law no later than

April 10, 2012. The parties shall deliver a copy of the proposed findings and conclusions to chambers, on CD-ROM or USB flash drive, in WORD format.

19. **Pretrial Briefs.**   The parties may file pretrial bench briefs on material issues expected to arise at trial. Pretrial briefs are encouraged by the Court. Pretrial briefs are due no later than April 5, 2012.

20. **Copies at Trial.**   Counsel shall provide the Court with four (4) copies of exhibits on the day of trial, one for the judge, one for the courtroom clerk, one for the law clerk, and one for the witness. If more than ten (10) in number or more than twenty (20) total pages, the exhibits shall be bound in a notebook. If counsel wishes to publish an exhibit to the jury, counsel shall either provide a copy for each juror or shall enlarge the exhibit so that all jurors can see it from the jury box.

21. **Technology.** The courtroom is equipped with screens for the viewing of evidence. Monitors are located on counsel tables, on the bench, and in the jury box. The courtroom has a document viewer that displays documents on the monitors; the parties may use the document viewer. Please visit the following website for complete information on the Court's evidence presentation system and technology:

http://www.vaed.uscourts.gov/resources/Court%20Technology/evidence_presentation_systems.htm

The courtroom is equipped to allow the parties to use personal laptop computers to aid in displaying evidence at trial. The Court does not provide computers for the use of parties. Before bringing a computer into the courthouse, counsel should request permission to do so from chambers, and a letter will be provided authorizing counsel to do so. Counsel should confer with the deputy clerk to conduct a test of the courtroom technology before trial.

Per courthouse policy, members of the bar are now allowed to bring cell phones into the building after presenting a bar card to a Court Security Officer upon entry.

The Court recognizes that counsel need electronic calendars during court proceedings. No later than three (3) business days before any scheduled court appearance, counsel should submit a letter by mail or fax to chambers requesting permission to bring any electronic devices (other than cell phones) into the Court. The letter should specify the particular device(s) in question. While in the courthouse, telephones and calendars shall be turned off (not on silent or vibrate modes), except when in use on matters related to the case.

22. **Attorneys' Fees.**   Any motion for an award of attorneys' fees will be addressed after trial, pursuant to Fed. R. Civ. P. 54 and Local Rule 54. Such motions shall be governed by applicable statutory and/or decisional law. In submitting a motion for an award of fees, a party must submit an affidavit or declaration itemizing time spent on the case, describing the work done, and the hourly rate of the person billing the case. In addition, a party must submit an affidavit or declaration from an expert to establish the reasonableness of the fees. Motions for attorneys' fees shall be accompanied by a brief.

To the extent of any conflict in deadlines between the parties' agreed scheduling order and the present Order, this Order shall control.

_____/s/_____
John A. Gibney, Jr.
United States District Judge

Date: June 13, 2012
Richmond, VA

IF THIS CASE IS SETTLED PRIOR TO TRIAL, PLEASE CONTACT CHAMBERS AT (804) 916-2870.