# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**ERIC DANTE PITT, for himself**
**And on behalf of all similarly situated**
**individuals,**

      **Plaintiff,**                                  Civil Action No. 3:11-cv-697

v.

**KMART CORPORATION,**
**A wholly owned subsidiary of Sears**
**Holdings Corporation,**

and

**SEARS HOLDINGS CORPORATION,**

      **Defendants.**

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR AN EXTENSION OF TIME TO SUPPLEMENT THEIR PRIVILEGE LOG

Kmart Corporation ("Kmart") and Sears Holdings Corporation ("Sears" and collectively with Kmart, "Defendants"), for their Motion for an Extension of Time to Supplement Their Privilege Log, state as follows.

### INTRODUCTION

Defendants' Motion for an Extension of Time to Supplement Their Privilege Log is limited to a very narrow issue. Plaintiff has served Requests for Production of Documents on both Sears and Kmart under Rule 34 of the Federal Rules of Civil Procedure (the "Requests"). In response to those Requests, Defendants have provided Plaintiff with over 1400 pages of responsive documents. Additionally, on July 16, 2012, Defendants served upon Plaintiff a privilege log corresponding to those documents. This privilege log was timely according to the Agreed Order entered by the Court on June 25, 2012, which provided that a party served with

requests for production would provide such a privilege log within 45 days of the other party's service of the discovery request to which the log pertains. (ECF # 26).

Defendants, however, seek to provide Plaintiff with additional responsive documents. To that end, Defendants are currently searching thousands of emails on their system and, upon completion, Defendants will supplement their initial document production. Much like Defendants' initial document production, this email search is expected to reveal responsive, privileged documents not subject to production. Accordingly, Defendants will produce a supplemental privilege log corresponding to this supplemental document production. In contemplation of such a situation, although the Agreed Order entered by the Court set an initial privilege log deadline of July 16, 2012,[1] it stated that "[t]he parties may extend [the time period for a Privilege Log] by mutual agreement or, if necessary, any party may file a motion for an extension with the Court." (ECF # 26). Moreover, the ability to supplement a privilege log has been expressly recognized by various federal courts and is implicitly recognized in the Federal Rules of Civil Procedure. However, out of an abundance of caution, and in order to avoid the potential for a discovery dispute, Defendants preemptively seek the Court's approval to extend to August 15, 2012 their time to provide Plaintiff with a supplemental privilege log.

Such an extension is a reasonable approach to electronic discovery involving thousands of documents. Moreover, Defendants are in no way shirking their discovery obligations. They

---

[1] The Agreed Order provided for the privilege log corresponding to a discovery request to be filed 45 days from the date of service of those requests. Plaintiff served the Requests on June 1, 2012, making the privilege log initially due on July 16, 2012. Pursuant to the Court's order, Defendants have served upon Plaintiff an initial privilege log corresponding to the 1400 pages of documents already produced.

have already produced 1400 pages of responsive documents to Plaintiff. Consequently, good cause exists for the granting of Defendants' motion.[2]

## ARGUMENT

Under Federal Rule of Civil Procedure 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the Court may, for good cause, extend that time…with or without a motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship,* 507 U.S. 380, 392 n.6 (1993). Pursuant to the Court's July 25, 2012 Order, Defendants' initial privilege log was due to Plaintiff on July 16, 2012. Defendants have provided a timely privilege log. Additionally, the Order provided that the "[t]he parties may extend [the time period for a privilege log] by mutual agreement or, if necessary, any party may file a motion for an extension with the Court." (ECF # 26). Defendants have filed this motion on the day the privilege log is due and, therefore, "before the original time or its extension expires." (ECF # 26). Consequently, the Court should analyze Defendants' motion under the "good cause" standard. *See, e.g., SunTrust Mortg., Inc. v. LCMG, Inc.,* No. 3:11cv565, 2012 U.S. Dist. LEXIS 24062, at *3-4 (E.D. Va. Feb. 24, 2012).

Through this lens, given the significant number of emails Defendants must review and the importance of preserving attorney-client and work product privilege through a privilege log, good cause exists for Defendants' requested extension. Defendants have proceeded in good faith and have, to this point, provided Plaintiff with over 1400 pages of responsive documents. These documents include, *inter alia*, Defendants' internal policies and procedures, training materials, contracts with third parties implicated by Plaintiff's Complaint, and documents pertaining

---

[2] Defendants have conferred with Plaintiff, as required by Local Rule 37(E), and Plaintiff is not willing to grant Defendants an extension of time within which to supplement its privilege log.

3

specifically to Plaintiff. Additionally, Defendants have provided Plaintiff with a timely privilege log detailing the privileged information Defendants' withheld from the initial production. As a result, Defendants do not seek an extension for the *initial* privilege log. Rather, Defendants simply seek an extension to *supplement* the privilege log with privileged information gleaned from the searching, reviewing, and cataloging of thousands of emails on Defendants' email system – a task which requires individualized assessment of each email.

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires a party claiming privilege, and withholding documents in response to a request for production based on that privilege, to "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "'Filing a privilege log has become the 'universally acceptable mean[s] of asserting privileges in discovery in the federal courts.'" *Smith v. James C. Hormel Sch. of the Va. Inst. of Autism*, 308cv00030, 2010 U.S. Dist. LEXIS 95668, at *8 (W.D. Va. 2010) (quoting *Smith v. Cafe Asia*, 256 F.R.D. 247, 250 (D.D.C. 2009)). In federal court, unless the process is altered by court order, when parties receive requests for production that call for privileged documents, they customarily produce a privilege log listing the privileged documents they are withholding from production at or near the time they produce the responsive non-privileged documents.

Although the supplementation of a privilege log is the natural corollary to the supplementation of discovery responses, Plaintiff's counsel has taken the position in previous cases that the failure to place *all* privileged information on the initial privilege log, even if such information is *unknown* at the time of the log, constitutes a waiver of such unknown privileged

4

information. In light of this position and out of an abundance of caution, Defendants seek an extension of the time to supplement their privilege log and the Court's approval to file such a supplement by August 15, 2012.

Given the substantial number of emails which may be responsive to Plaintiff's Requests, and the inability to know whether such emails include privileged information until those emails are reviewed, such an extension is warranted in order to avoid the specter of unintended waiver of privileges such as the attorney-client privilege or the work-product privilege. The attorney-client privilege has long been recognized as warranting special protection "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v United States*, 449 U.S. 383, 389 (1981). The predominant purpose of attorney-client privilege is to afford "all communications between attorney and client absolute and complete protection from disclosure." *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997). Similarly, the "work product privilege limits discovery of documents prepared in anticipation of litigation." *E.I. DuPont De Nemours and Co. v. Kolon Indus.*, 3:09cv58, 2010 U.S. Dist. LEXIS 36530, at *9 (E.D. Va. 2010). As to the basis for the work product privilege, it is rooted in the fact that "'our adversary system depends on the effective assistance of lawyers, fostered by the privacy of communications between lawyer and client and the privacy in development of legal theories, opinions, and strategies for the client.'" *Id.* at *10 (quoting *National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992)).

Allowing additional time to supplement this privilege log is entirely reasonable because, after all, a party will not know if documents responsive to a discovery request contain privileged information until that party learns of and reviews such responsive documents. Numerous court

5

decisions throughout the country have recognized a party's ability to supplement a previously-produced privilege without waiving the privileges asserted in the subsequent log. *See e.g., J. Vangel Elec., Inc. v. Sugar Creek Packing, Co.,* No. 11-2112, 2012 U.S. Dist. LEXIS 59211, at *4 (D. Kan. Apr. 27, 2012) (stating, when confronted with an argument seeking waiver due to an insufficient privilege log, that "[t]he court has reviewed the original and supplemental privilege log and is satisfied that defendant has complied with Fed. R. Civ. P. 26(b)(5)…"); *WebXchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 127 (D. Del. Feb. 16, 2010) (responding to an argument regarding an insufficient privilege log by stating that "the Court will require Plaintiff to supplement its privilege log entries for withheld documents which are drafts of confidential communications made to an attorney, or notes or memos to counsel."); *Cacovski v. United Farm Family Mut. Ins. Co.*, No. 3:07-cv-329 RL, 2008 U.S. Dist. LEXIS 46308, at *7-12 (N.D. Ind. June 12, 2008) (requiring counsel to file an amended privilege log incorporating an explanation of the privileged material previously withheld without a privilege log, rather than finding waiver per se); *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 300 (S.D.N.Y. 2003) ("This Court disagrees and finds that the documents withheld from the production in early July were properly added to the August 8 revision of the privilege log, and the delay between the early July production of documents and the early August privilege log is reasonable.").

Further, the Federal Rules of Civil Procedure implicitly allow for such supplementation. According to Rule 26(e), a party has an affirmative duty to supplement its discovery responses. *See* Fed. R. Civ. P 26(e)(1). Similarly, the Federal Rules of Civil Procedure mandate a party state the basis for its privilege claim if it withholds documents responsive to a request for production on the grounds of privilege. *See, e.g., Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11cv02007, 2012 U.S. Dist. LEXIS 57678, at *19 (D. Col. Apr. 24,

2012) (noting the connection between a privilege log and responses to requests for production). Logically, if supplementation of documents responsive to a request for production is proper, and a party is required to serve a privilege log (or similar document) corresponding to such supplemented documents, submitting a privilege log at or near the time of supplementation is precisely what is contemplated by the Federal Rules. In contrast, it would be highly inequitable to deem a failure to submit a privilege log corresponding to yet unknown documents as a waiver of the yet unknown privilege in those same documents.

As a result, given the fact that Defendants have already produced over 1400 pages of documents to Plaintiff, Defendants' effort to search, review and catalog thousands of emails, numerous courts' express recognition of the ability to supplement a privilege log, and the implicit ability to supplement a privilege log found in the Federal Rules of Civil Procedure, good cause exists to grant Defendants' motion and allow for the supplementation of Defendants' privilege log by August 15, 2012.[3]

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant Defendants' Motion for an Extension of Time to Supplement Their Privilege Log. For the Court's convenience, Defendants have attached a proposed order to this memorandum as **Exhibit A**.

---

[3] According to the parties' Agreed Scheduling Order, Phase I of discovery closes on September 28, 2012. (ECF # 18). In light of Defendants' requested extension, they will not oppose Plaintiff if he wishes to request the Court extend the close of Phase I discovery.

Dated: July 16, 2012	Respectfully Submitted,

**KMART CORPORATION &
SEARS HOLDINGS CORPORATION**


By:   /s/ John C. Lynch
              Of Counsel

John C. Lynch
Virginia State Bar No. 39267
*Attorney for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email:  john.lynch@troutmansanders.com

Alan D. Wingfield
Virginia State Bar No. 27489
*Attorney for Defendants.*
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, VA 23218-1122
Telephone: (804) 697-1350
Facsimile:  (804) 698-5172
Email: alan.wingfield@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of July, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
Christopher Colt North
The Consumer and Employee Rights Law Firm
751-A Thimble Shoals Blvd.
Newport News, VA 23606
cnorthlaw@aol.com

Leonard A. Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, Virginia 23601
Email: lenbennett@cox.net

    /s/ John C. Lynch
John C. Lynch
Virginia State Bar No. 39267
Attorney for Defendants
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email: john.lynch@troutmansanders.com

20039158v1