UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ERIC DANTE PITT,
For himself and on behalf of all
similarly situated individuals.

    Plaintiffs,

v.             CIVIL ACTION NO.: 3:11-cv-00697-JAG

K-Mart Corporation, a wholly owned subsidiary
of Sears Holdings Corporation

    Defendant.

## PLAINTIFFS' SUPPLEMENTAL FED. R. CIV. P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiff, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and make the following disclosures to Defendant. These initial disclosures are based on information reasonably available to Plaintiff at this time. Plaintiffs reserve the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiff does not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiffs also do not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

**I. Individuals likely to have discoverable information.**

a.  *The Plaintiff, Eric Dante Pitt*, c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601. (All facts)

b.  *Employees of* **K-Mart Corporation, a wholly owned subsidiary of Sears Holdings Corporation** (All facts regarding the subject matter of the Complaint)

c.  *Employees of HireRight, Consumer Department, 4500 S. 129th E Avenue, Suite 200, Tulsa, OK 74134* (All facts regarding the background check conducted regarding, the background investigation report generated regarding the Plaintiff and any and all computer files, e-mails or any other documents concerning the Plaintiff.

d.  *Putative class members.* (All facts)

e.  *The spouse, partner or significant other and all family members, friends and associates of each plaintiff and each putative class member.* Counsel has not identified all such persons, and as to those who have been identified, counsel has not yet decided which of these persons they may call as witnesses. (All facts, including but not limited to all facts related to damages).

f.  *Evan Hendricks, 8321 Tomlinson Avenue, Bethesda, MD 20817* (Expert Witness).

g.  *Elizabeth De Armond, 565 West Adams Street, Chicago, Illinois 60661* (Expert Witness).

h.  *Any and all witnesses identified by the Defendant.*

i.  *Any and all witnesses who have testified regarding similar claims in previous litigation.*

j.  *Putative class representative and putative class member David Bowie, Wilmington, DE.* Plaintiff's counsel represents Mr. Bowie, so he should be contacted through the office of Plaintiff's counsel. Mr. Bowie applied for a job with Sears Holdings Corporation in April 2010. He was hired subject to the results of his criminal background report. Upon receipt of an inaccurate report from HireRight, Sears rejected him for the position. Criminal drug felonies were erroneously reported for a different individual by HireRight. Mr. Bowie's record was clean. Sears also presented him with a vague misleading and verbose disclosure which effectively negated the written authorization, if any, that he gave to Sears to obtain a consumer report for employment purposes. He learned of the rejection for the job before he received any pre-adverse or post-adverse notice with a copy of his criminal background report from Sears or its representative.

2

k.   *Putative class representative and putative class member Kimberly G. Goff,*
     *Louisville, KY.* Plaintiff's counsel represents Ms. Goff, so she should be
     contacted through the office of Plaintiff's counsel. Ms. Goff applied for a job with
     Sears in October 2008. She was hired subject to the results of the background
     check. Upon receipt of an inaccurate report from HireRight, Sears rejected her
     for the position. Information was erroneously reported for a different individual
     by HireRight. The report included a felony charge in Ohio which was not
     associated with Ms. Goff. Sears also presented her with a vague misleading and
     verbose disclosure which effectively negated the written authorization, if any, that
     she gave to Sears to obtain a consumer report for employment purposes. In
     addition, she learned on the telephone that she was rejected for the position before
     Sears or its representative, HireRight, sent her any pre-adverse or post-adverse
     action notice with a copy of her criminal background report from Sears.

l.   *Putative class representative and putative class member Brandi Harper,*
     *Morrow, GA.* Plaintiff's counsel represents Ms. Harper, so she should be
     contacted through the office of Plaintiff's counsel. Ms. Harper applied for a job
     with Sears in June 2010. She was hired subject to the results of the background
     check, attended orientation, purchased uniforms, and was given a start date. Then
     HireRight provided an inaccurate criminal background report to Sears and she
     was rejected for the position. Information was erroneously reported for a
     different individual by HireRight. Sears also presented her with a vague
     misleading and verbose disclosure which effectively negated the written
     authorization, if any, that she gave to Sears to obtain a consumer report for
     employment purposes. In addition, she learned on the telephone that she was
     rejected for the position before Sears or its representative, HireRight, sent her any
     pre-adverse or post-adverse action notice with a copy of her criminal background
     report.

m.   *Putative class representative and putative class member Jose I. Lopez,*
     *Casselberry, FL.* Plaintiff's counsel represents Mr. Lopez, so he should be
     contacted through the office of Plaintiff's counsel. Mr. Lopez applied for a job
     with Sears Holdings Corporation in July 2010. He was hired subject to the results
     of his criminal background report. Upon receipt of an inaccurate report from
     HireRight, Sears rejected him for the position. Information was erroneously
     reported for a different individual by HireRight. His record was clean. Sears also
     presented him with a vague misleading and verbose disclosure which effectively
     negated the written authorization, if any, that he gave to Sears to obtain a
     consumer report for employment purposes. He learned of the rejection for the job
     before he received any pre-adverse or post-adverse notice with a copy of his
     criminal background report from Sears or its representative.

n.   *Putative class representative and putative class member Robert E. Joffe,*
     *Nashville, TN.* Plaintiff's counsel represents Mr. Joffe, so he should be contacted
     through the office of Plaintiff's counsel. Mr. Joffe applied for a job with Sears

3

Holdings Corporation in mid-December 2010. He had worked for Sears previously as an assistant manager. He was hired subject to the results of his criminal background report. Upon receipt of an inaccurate report from HireRight, Sears rejected him for the position. Information, including assault on an officer and multiple other convictions, was erroneously reported for a different individual by HireRight. His record was clean. Sears also presented him with a vague misleading and verbose disclosure which effectively negated the written authorization, if any, that he gave to Sears to obtain a consumer report for employment purposes. He learned of the rejection for the job before he received any pre-adverse or post-adverse notice with a copy of his criminal background report from Sears or its representative.

o.   *Putative class representative and putative class member James E. Parker, Aoswego, IL.* Plaintiff's counsel represents Mr. Parker, so he should be contacted through the office of Plaintiff's counsel. Mr. Parker applied for a job with Sears in December 2008. He is a retired police officer. He was hired subject to the results of his criminal background report. Upon receipt of an inaccurate report from HireRight, Sears rejected him for the position. Information was erroneously reported for a different individual by HireRight. His record was clean. The report said he was a convicted felon that served two years in prison. Sears also presented him with a vague misleading and verbose disclosure which effectively negated the written authorization, if any, that he gave to Sears to obtain a consumer report for employment purposes. Sears withdrew the job offer by telephone before Mr. Parker received any pre-adverse or post-adverse notice with a copy of his criminal background report from Sears or its representative.

p.   *Putative class representative and putative class member Joanne Thompson, Fairfax, VA.* Plaintiff's counsel represents Ms. Thompson, so she should be contacted through the office of Plaintiff's counsel. Ms. Thompson applied for a job with Sears Holdings Corporation in June 2010. She worked for Sears before and she was hired for the job subject to the results of her consumer report. Upon receipt of an inaccurate report from HireRight, Sears notified Ms. Thompson that she could not begin work at Sears after all. Information was erroneously reported for a different individual by HireRight. Her record was clean. Sears also presented her with a vague misleading and verbose disclosure which effectively negated the written authorization, if any, that she gave to Sears to obtain a consumer report for employment purposes. She learned of the rejection for the job before she received any pre-adverse or post-adverse notice with a copy of her criminal background report from Sears or its representative.

q.   *Putative class representative and putative class member Christine M. Walker, Springfield, MO.* Plaintiff's counsel represents Ms. Walker, so she should be contacted through the office of Plaintiff's counsel. Ms. Walker applied for a job with Sears in October 2008. She was hired for the job subject to the results of her consumer report. Upon receipt of the inaccurate report from Hireright, Sears notified Ms. Walker that she could not begin work at Sears after all. Information

4

was erroneously reported for a different individual by HireRight. There were 30 pages of fraud, identity theft, drug and theft convictions. Her record was clean. Sears also presented her with a vague misleading and verbose disclosure which effectively negated the written authorization, if any, that she gave to Sears to obtain a consumer report for employment purposes. She learned of the rejection for the job before she received any pre-adverse or post-adverse notice with a copy of her criminal background report from Sears or its representative.

r.    ***Putative class representative and putative class member Christopher B. Williams, Huntington Beach, CA.***   Plaintiff's counsel represents Mr. Williams, so he should be contacted through the office of Plaintiff's counsel. Mr. Williams applied for a job with Kmart. He had extensive interviews and was hired pending the results of a criminal background check. Two weeks went by and Kmart never called him to start, so he called Kmart. Kmart informed him that he would not be hired after all because he had been incarcerated in prison in Oklahoma City according to USIS. Kmart also presented him with a vague misleading and verbose disclosure which effectively negated the written authorization, if any, that he gave to Sears to obtain a consumer report for employment purposes. He learned of the rejection for the job before he received any pre-adverse or post-adverse notice with a copy of his criminal background report from Kmart or its representative.

## II. Description of documents Plaintiff may use in support of his action:

1. Kmart Notice concerning Consumer and Investigative Consumer Reports;
2. July 25, 2011 letter to the Plaintiff from HireRight with A Summary of your Rights Under the Fair Credit Reporting Act;
3. Copy of 2005 FTC Summary of Your Rights Under the Fair Credit Reporting Act
4. Documents in the possession of Defendant.
5. Documents in the possession of HireRight.
6. James E. Parker documents: letter from Parker to Sears (undated), Sears' pre-adverse action letter, USIS criminal history search, 2/11/09 USIS letter to Parker regarding USIS clear record, and document confirming "no record found."
7. David Bowie document: email from Sears to Bowie
8. Joanne Thompson document: letter from Sears to her dated 6/22/10
9. Kimberly G. Goff document: her attorney's letter to USIS dated 11/25/08 along with an authorization form
10. Robert E. Joffe documents: email dated 12/28/10 from Sears to Joffe, and an email dated 12/29/10 from Sears to Joffe
11. Christine M. Walker documents: Sears adverse action letter dated 11/4/08, form inadvertently provided by Ms. Walker by Sears, first page of her 31 page consumer report (the additional 30 pages have not been reproduced because they are redundant and not relevant, but a copy will be provided

upon request).

12.     Jose I. Lopez document: letter dated 7/22/10 from HireRight on behalf of Sears Holdings Corporation addressed to Mr. Lopez providing him with a post-adverse action notice declining to hire him.

## III. Computation of Damages

### Statutory Damages:

Pursuant to 15 U.S.C. §1681n, Plaintiff and each class member seek statutory damages from $100.00 and $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

Plaintiff further seeks these damages individually and on a class basis.

Plaintiff reserves the right to supplement these disclosures.

### Punitive Damages:

The Plaintiff seeks punitive damages that are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).

### Case Law Supporting Punitive Damages:

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer employment cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);
>
> *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

6

*Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

By: _____/s/_____

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com

Leonard A. Bennett
Counsel for Plaintiff
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on the  14th  day of September 2012, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system, which will then

send a notification of such filing (NEF) to all counsel of record.

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
Email: john.lynch@troutmansanders.com


_____/s/_____

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com