## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

**ERIC DANTE PITT,**
**For himself and on behalf of all**
**similarly situated individuals.**

      **Plaintiff,**

**v.**                                              **CIVIL ACTION NO.: 3:11-cv-00697-JAG**

**K-MART CORPORATION, a wholly owned subsidiary**
**of Sears Holdings Corporation**

**and**

**SEARS HOLDINGS CORPORATION,**

**Defendants.**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS COMPLAINT

### Statement of Case

      This is a case brought by Eric Dante Pitt ("Plaintiff"), individually and on behalf of all similarly situated individuals, against K-Mart Corporation and Sears Holding Corporation ("Defendants") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA" or "the Act"). The alleged violations arise out of Defendants' failure to abide by the FCRA's procedural requirements pertaining to the use of consumer reports for employment purposes.

      With the consent of counsel for Defendants, Plaintiff seeks leave to file a Second Amended Class Complaint. The Second Amended Class Complaint will have no effect on the Phase I discovery or certification or other motions related to Phase I discovery.

**Discussion of Law**

F.R.C.P. 15 governs amended and supplemental pleadings and provides that a party may amend its pleading as a matter of course before being served with a responsive pleading or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.  In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave.  "The court should freely give leave when justice so requires."  *F.R.C.P. 15(a)(2)*.  F.R.C.P. 16(b)  governs scheduling management and provides in paragraph 4 that "[a] schedule may be modified only for good cause and with the judge's consent."

In this case, a deadline of June 30, 2012 was established for amending the complaint. See *Agreed Scheduling Order*, entered on June 5, 2012 (ECF Doc. No. 18).  Plaintiff has obtained the consent of opposing counsel and seeks leave of this Court to file a Second Amended Class Complaint (1) to delete former Counts One and Two which were previously dismissed with prejudice, (2) to clarify former Counts Three and Four and re-designate them as new Counts One and Two, and (3) to add a new Count Three that was inadvertently omitted from the former Class Complaint.  A copy of the proposed Second Amended Class Complaint is attached as an exhibit to the Motion for Leave to File Second Amended Class Complaint.

The deletion of Counts One and Two and related allegations is a housekeeping matter as those counts were previously dismissed with prejudice by Agreed Order.  *See ECF Doc. No. 14*.

With regard to Counts Three and Four, those counts each assert claims under 15 U.S.C. § 1681b(b)(3)(A)(ii).  That section mandates that, before taking an adverse action based on a consumer report used for employment purposes, a person must first provide to the employee or

applicant an FCRA Summary of Rights, as prescribed by the FTC (now the Bureau of Consumer Financial Protection).  Counts Three and Four assert, albeit with less than crystal clarity, that Defendants' violated this section (a) by providing to Pitt and Class Members an obsolete version of the Summary of Rights promulgated by the FTC in 1997, rather than the then current version promulgated by the FTC in 2005 and (b) by failing to provide the Summary of Rights at least five business days before taking an adverse action.  The proposed Second Amended Class Complaint asserts these same two counts with more clarity and re-designates the counts as Counts One and Two.

The most significant changes made by the proposed Second Amended Class Complaint is to add a new Count Three.  Proposed Count Three asserts a claim for Defendant's alleged violation of 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide to Pitt and the Class Members a copy of their consumer report that was used for employment purposes at least five business days before taking an adverse action.  This count was inadvertently omitted from the current complaint.

Routinely, when Plaintiff's counsel files a case which asserts a claim under § 1681b(b)(3)(A)(ii) for a defendant's failure to provide an FCRA Summary of Rights at least five days before taking an adverse action, they also assert a claim under § 1681b(b)(3)(A)(i) for a defendant's failure to provide the employee or applicant's consumer report at least five days before taking an adverse action.  The reason is simple.  Typically, both the FCRA Summary of Rights and the consumer report are delivered by means of a single letter or written notice.  If one is not provided at least five days prior to an adverse action, the other suffers from the same deficiency.

For that reason, discovery in this case has been conducted as though the new count which Plaintiff seeks to add was already in the case.  Therefore, the addition of the new count will not impact or result in the need for any enlargement of Phase I discovery or related motions.

<u>Conclusion</u>

With the consent of counsel for Defendants and for good cause shown and in the interests of justice, this Court should grant Plaintiff's Consent Motion for Leave to File Second Amended Class Complaint.

**ERIC DANTE PITT,,**
**For himself and on behalf of all similarly**
**situated individuals.**


 /s/ William L. Downing
Christopher Colt North, Esq., VSB #16955
William L. Downing, Esq., VSB # 17704
Attorneys for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
E-mail: cnorthlaw@aol.com
Email: wdowninglaw@aol.com

Leonard A. Bennett, Esq., VSB #37523
Susan Mary Rotkis, Esq., VSB # _____
Attorneys for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net
Email: srotkis@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

John C. Lynch, Esq.
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
Email: john.lynch@troutmansanders.com

/s/ William L. Downing
Christopher Colt North, Esq., VSB #16955
William L. Downing, Esq., VSB # 17704
Attorneys for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
E-mail: cnorthlaw@aol.com
Email: wdowninglaw@aol.com