UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC DANTE PITT, for himself
And on behalf of all similarly situated
individuals,**

      **Plaintiff,**

**v.**

**KMART CORPORATION,
A wholly owned subsidiary of Sears
Holdings Corporation,**

**and**

**SEARS HOLDINGS CORPORATION,**

      **Defendants.**

**Civil Action No. 3:11-cv-697**

## ANSWER TO PLAINTIFF ERIC DANTE PITT'S
## SECOND AMENDED CLASS COMPLAINT

Defendants Kmart Corporation ("Kmart") and Sears Holdings Corporation ("Sears," and collectively with Kmart, "Defendants"), by counsel, submit the following for their Answer to Plaintiff Eric Dante Pitt's ("Plaintiff" or "Pitt") Second Amended Class Complaint ("Second Amended Complaint").

## INTRODUCTION

1.  Defendants admit that this action is purportedly brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and that Pitt applied for a position with Kmart. Defendants deny the remaining allegations contained in Paragraph 1 of the Second Amended Complaint.

**JURISDICTION / VENUE**

2.      The allegations in Paragraph 2 of the Second Amended Complaint are legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

3.      Kmart admits that it has a registered agent in Glen Allen, Virginia, which is located in the Richmond Division of the Eastern District of Virginia.  Sears denies that it maintains a registered agent in Glen Allen, Virginia.

4.      Defendants deny the allegations in Paragraph 4 as stated.  Defendants admit that Pitt was interviewed for a job in the District and Division encompassing this Court.  As to the remaining allegations in Paragraph 4 regarding the "job application process," the allegations are vague and ambiguous.  As a result, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny the same.

**NAMED PARTIES**

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint regarding Pitt's citizenship, and, therefore, deny the same.  Moreover, the allegations regarding Pitt's citizenship and his status as a "consumer" are legal conclusions to which no response is required.  To the extent the allegations are contrary to the law, the allegations are denied.

6.      Defendants deny the allegations in Paragraph 6 as stated.  Defendants admit that Sears operates over 4,000 retail stores total in the United States and Canada.  Defendants admit that Sears operates stores through Kmart and Sears, Roebuck and Co.  The remaining allegations in Paragraph 6 are denied.

7.      Defendants deny the allegations in Paragraph 7 as stated.  Defendants admit that Sears was formed in 2004 in connection with the 2005 merger of Kmart and Sears, Roebuck and Co.  Pitt's allegations regarding whether Sears "markets jointly" are vague and ambiguous.  As a result, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny the same.  Further, Defendants deny that Sears "jointly manages both companies" under Sears.

8.      Defendants deny the allegations contained in Paragraph 8 of the Second Amended Complaint.

9.      Defendants deny the allegation contained in Paragraph 9 of the Second Amended Complaint.

10.     Defendants deny the allegations in Paragraph 10 as stated.  Pitt's allegation regarding Defendants' statuses as "users" of consumer reports is a legal conclusion to which no response is required.  To the extent the allegations are contrary to law, they are denied. Defendants admit that Kmart is the entity with which Pitt would have been employed had he been hired by Kmart.  Defendants deny that Sears was the entity that directly obtained and purchased Pitt's consumer report.  Defendants deny that Defendants are properly allegedly collectively and/or interchangeably.

## UNNAMED PARTIES

11.     The allegation in Paragraph 11 of the Second Amended Complaint requires legal conclusions as to meaning of "consumer report" and, therefore, no response is required.  To the extent that allegation is contrary to the law, the allegation is denied.  Moreover, the allegation regarding a "consumer reporting agency" requires legal conclusions and, therefore, no response is required.  To the extent the allegation is contrary to law, the allegation is denied.

12.     The allegations in Paragraph 12 of the Second Amended Complaint call for legal conclusions as to the interpretation of "consumer reports," therefore, no response is required.  To the extent the allegations are contrary to the law, the allegations are denied.

13.     The allegations in Paragraph 13 of the Second Amended Complaint call for legal conclusions as to the interpretation of "delegee," and as to the disclosures required by the FCRA. Therefore, no response is required.  To the extent the allegations are contrary to the law, the allegations are denied.

14.     The allegations in Paragraph 14 of the Second Amended Complaint call for legal conclusions, therefore, no response is required.  To the extent the allegations are contrary to the law, the allegations are denied.

15.     The allegations in Paragraph 15 of the Second Amended Complaint call for legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

16.     The allegations in Paragraph 16 of the Second Amended Complaint call for legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

## FACTS AS TO PITT

17.     Defendants admit that Pitt applied for a job with Kmart around July 3, 2011.

18.     Defendants deny the allegations contained in Paragraph 18 of the Second Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Second Amended Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Second Amended Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to precisely what information was conveyed to Pitt, the manner in which it was conveyed, and the time of its conveyance.   Therefore, Defendants deny the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Pitt's allegation in Paragraph 22 of the Second Amended Complaint regarding the delegation of "part of the decisioning process" is vague and ambiguous.   As a result, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. Therefore, Defendants deny the same.   Moreover, Pitt's additional allegations in Paragraph 22 deal with the "customary" practices of background check companies.   Defendants do not have sufficient knowledge or information of the "customary" practices of background check companies to form a belief as to the truth of Pitt's allegations regarding the industry, and, therefore, Defendants deny the same.   Further, Defendants deny that HireRight Solutions, Inc. determines whether an applicant is hireable or unhireable.

23.     The allegations in Paragraph 23 of the Second Amended Complaint call for legal conclusions regarding the interpretation of "consumer report" and "agent," and, therefore, no response is required.   To the extent those allegations are contrary to the law, the allegations are denied.   By way of further response, Pitt's allegations regarding HireRight Solutions, Inc's use of "the report to decision him as ineligible for hire" is vague and ambiguous, and therefore, Defendants deny the allegation.   Further, Defendants deny that HireRight Solutions, Inc. determined that Pitt was ineligible for hire.

24.     Defendants deny the allegations in Paragraph 24 of the Second Amended Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief as to what purported conversations took place between Plaintiff and a Kmart representative about the progress of Pitt's background report and his pending start date, as alleged in Paragraph 25. Therefore, Defendants deny the allegations contained in Paragraph 25.

26.     Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff received and when he received it, as alleged in Paragraph 26.  Therefore, Defendants deny the allegations contained in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what documents were actually received by Pitt, and, therefore, deny the allegations contained in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what documents were actually received by Pitt, and, therefore, deny the allegations contained in Paragraph 29.

30.     The allegations in Paragraph 30 characterize a document that is not attached to the Second Amended Complaint.  Defendants lack knowledge or sufficient information to form a belief as to what the document referenced in Paragraph 30 states.  Moreover, if the document were attached to the Second Amended Complaint, it would speak for itself and, thus, no response would be required.  Therefore, Defendants deny the allegations in Paragraph 30.

20198139v1

31.     Defendants deny the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Second Amended Complaint, and, therefore, deny the same.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Second Amended Complaint, and, therefore, deny the same.  By way of further response, the allegations in Paragraph 33 contain no indications as to who "Plaintiff explained" anything, where this explanation occurred, and when the explanation took place.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Second Amended Complaint regarding the alleged conversations between Pitt and Defendants' representative.  Therefore, Defendants deny the same.

## FACTS COMMON TO ALL CLASS MEMBERS

35.     The allegations in Paragraph 35 of the Second Amended Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

36.     The allegations in Paragraph 36 of the Second Amended Complaint call for legal conclusions and, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

37.     Defendants deny the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint.

39.    The allegations in Paragraph 39 call for a legal conclusion regarding "FCRA compliance" and as to the existence of "putative class members."  Therefore, no response is required.   To the extent those allegations are contrary to the law, the allegations are denied.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Second Amended Complaint. Therefore, Defendants deny the same.

41.    The allegations contained in paragraph 41 of the Second Amended Complaint refer to documents which speak for themselves, and, therefore, no response is required.  To the extent a response is required, Defendants deny the same.  By way of further response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41d, and, therefore, deny the same.

42.    Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint.

## DEFENDANTS DENY THAT THEY ACTED WILLFULLY

43.    The allegations in Paragraph 43 of the Second Amended Complaint are premised on legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

44.    The allegations in Paragraph 44 of the Second Amended Complaint are premised on legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

20198139v1

45.     The allegations in Paragraph 45 of the Second Amended Complaint are premised on legal conclusions interpreting the FCRA, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

46.     Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Second Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Second Amended Complaint.  Defendants deny that they have committed any violations of the FCRA and deny that they are liable to Pitt or any purported class member in any way, for any amount whatsoever, including actual damages, statutory damages, punitive damages, attorneys' fees and costs.

49.     Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint.  Defendants deny that they have committed any violations of the FCRA and deny that Pitt or any purported class member is entitled to equitable relief against Defendants.

## CLASS ACTION ALLEGATIONS

50.     Paragraph 50 does not include any allegations of fact, but rather, contains a statement of individuals on whose behalf Pitt purports to bring his claims.  To the extent any response is required, Defendants deny the allegations in Paragraph 50.  In further response, Defendants deny that they are liable to Pitt or any purported class members for any alleged FCRA violations whatsoever.

51.     Paragraph 51 does not include any allegations of fact, but rather, contains a statement of individuals on whose behalf Pitt purports to bring his claims.  To the extent any response is required, Defendants deny the allegations in Paragraph 51.  In further response, Defendants deny that they are liable to Pitt or any purported class members for any alleged FCRA violations whatsoever.

52.     The allegation contained in Paragraph 52 of the Second Amended Complaint concerning the size of the purported class is a legal conclusion to which no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.  Defendants deny that information concerning the exact size of Pitt's purported class is in the exclusive possession of Defendants.

53.     The allegation contained in Paragraph 53 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

54.     Defendants deny the allegations contained in Paragraph 54 of the Second Amended Complaint.

55.     The allegation contained in Paragraph 55 of the Second Amended Complaint regarding Pitt's adequacy as a class representative is a legal conclusion to which no response is required.  To the extent the allegation is contrary to the law, the allegation is denied.  Further, the allegation contained in Paragraph 55 of the Second Amended Complaint regarding Pitt's counsel's competence and experience is a legal conclusion to which no response is required.  To the extent the allegation is contrary to the law, the allegation is denied.  The allegation regarding Pitt's membership in the purported class and sub-class is a legal conclusion to which no response is required.  To the extent the allegation is contrary to the law, the allegation is denied.  The

10

allegation regarding the typicality of Pitt's claims is a legal conclusion to which no response is required.  To the extent the allegation is contrary to the law, the allegation is denied.

56.     The allegation contained in Paragraph 56 of the Second Amended Complaint and all of its subparts regarding common questions of law and fact and those questions' predominance over individual issues is a legal conclusion to which no response is required.  To the extent those allegations are contrary to the law, the allegations in Paragraph 56 and all of its subparts are denied.  By way of further response, Defendants deny that they have violated the FCRA in any manner whatsoever.

57.     The allegations contained in Paragraph 57 of the Second Amended Complaint regarding superiority and numerosity are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

58.     Defendants deny the allegations contained in Paragraph 58 of the Second Amended Complaint.

<b>COUNT ONE</b>

59.     No response is required to Pitt's "restating" of the previous allegations in Paragraph 59 of the Second Amended Complaint.  To the extent a response is required, Pitt's allegations are denied.

60.     Defendants deny the allegations contained in Paragraph 60 of the Second Amended Complaint.

61.     Pitt's allegations in Paragraph 61 are not statements of fact but, rather, are statements of the damages Pitt purportedly seeks.  Therefore, no response is required.  To the extent a response is required, Defendants deny that they violated the FCRA in any manner

11

whatsoever and that Pitt or other purported class members are entitled to any damages whatsoever from Defendants.

62.     Pitt's allegations in Paragraph 62 are not statements of fact but, rather, are statements of the damages Pitt purportedly seeks.  Therefore, no response is required.  To the extent a response is required, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or other purported class members are entitled to any damages or equitable relief whatsoever from Defendants

63.     Defendants deny the allegations contained in Paragraph 63 of the Second Amended Complaint.  By way of further response, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or any other purported class member is entitled to any remedy whatsoever from Defendants.

## COUNT TWO

64.     No response is required to Pitt's "restating" of the previous allegations in Paragraph 64 of the Second Amended Complaint.  To the extent a response is required, Pitt's allegations are denied.

65.     Defendants deny the allegations contained in Paragraph 65 of the Second Amended Complaint.

66.     Pitt's allegations in Paragraph 66 are not statements of fact but, rather, are statements of the damages Pitt purportedly seeks.  Therefore, no response is required.  To the extent a response is required, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or other purported class members are entitled to any damages whatsoever from Defendants.

20198139v1

67.     Pitt's allegations in Paragraph 67 are not statements of fact but, rather, are statements of the damages Pitt purportedly seeks.  Therefore, no response is required.  To the extent a response is required, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or other purported class members are entitled to any damages or equitable relief whatsoever from Defendants

68.     Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint.  By way of further response, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or any other purported class member is entitled to any remedy whatsoever from Defendants.

**COUNT THREE**

69.     No response is required to Pitt's "restating" of the previous allegations in Paragraph 69 of the Second Amended Complaint.  To the extent a response is required, Pitt's allegations are denied.

70.     Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint.

71.     Pitt's allegations in Paragraph 71 are not statements of fact but, rather, are statements of the damages Pitt purportedly seeks.  Therefore, no response is required.  To the extent a response is required, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or other purported class members are entitled to any damages whatsoever from Defendants.

72.     Pitt's allegations in Paragraph 72 are not statements of fact but, rather, are statements of the damages Pitt purportedly seeks.  Therefore, no response is required.  To the extent a response is required, Defendants deny that they violated the FCRA in any manner

whatsoever and that Pitt or other purported class members are entitled to any damages or equitable relief whatsoever from Defendants

73.     Defendants deny the allegations contained in Paragraph 73 of the Second Amended Complaint.  By way of further response, Defendants deny that they violated the FCRA in any manner whatsoever and that Pitt or any other purported class member is entitled to any remedy whatsoever from Defendants.

74.     The WHEREFORE paragraph immediately following paragraph 73 does not include any allegations of fact, but rather, statements of the relief Pitt purportedly seeks.  To the extent any response is required, Defendants deny the allegations in the WHEREFORE paragraph immediately following paragraph 73.  In further response, Defendants deny that they are liable to Pitt or any purported class members for any alleged FCRA violations whatsoever and that Pitt or any purported class member is entitled to any relief from Defendants whatsoever.  Additionally, Defendants deny that Pitt's claims are certifiable as a class action.

20198139v1

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants reserve the right to add any additional defenses of which they learn during discovery.

### THIRD DEFENSE

Defendants acted in good faith and without malice or intent to injure Pitt.

### FOURTH DEFENSE

Defendants did not willfully violate the FCRA or any other legal requirement.

### FIFTH DEFENSE

Defendants did not negligently violate the FCRA or any other legal requirement.

### SIXTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, because any alleged damages are speculative and uncertain.

### SEVENTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent neither Pitt nor any member of the putative class has suffered any actual damages.

20198139v1

**EIGHTH DEFENSE**

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Pitt's damages, if any, were caused by his own acts or omissions, or other acts or omissions of third parties other than Defendants.

**NINTH DEFENSE**

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent he has failed to mitigate his damages.

**TENTH DEFENSE**

Some or all of the claims stated in the Second Amended Complaint, including claims made on behalf of the putative class, may be barred by the applicable statute of limitations and/or the doctrine of laches.

**ELEVENTH DEFENSE**

The Second Amended Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

**TWELFTH DEFENSE**

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

**THIRTEENTH DEFENSE**

Pitt's claims, and the claims made on behalf of the putative class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia. *See*, *e.g.*,

16

*Williams v. Telespectrum, Inc.*, No. 3:05cv853, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

## FOURTEENTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that such claims are barred by principles of *res judicata* and/or collateral estoppel or the failure to assert such claims as compulsory counterclaims in prior litigation.

## FIFTEENTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent the claims are barred by principles of *res judicata* and/or collateral estoppel by virtue of the failure to schedule such claims as assets in prior bankruptcy proceedings.

## SIXTEENTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

## SEVENTEENTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent the claims are barred by the doctrine of judicial estoppel.

## EIGHTEENTH DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent the claims are barred by the doctrines of waiver and/or estoppel.

## NINETEENTH DEFENSE

If and to the extent that Pitt's claims, or those of any putative class member, are determined by the Court to require a showing of negligent conduct (rather than a showing of

17

willfulness or intent), then those claims are barred, in whole or in part, by the negligence of Pitt and the members of the putative class.

### TWENTIETH DEFENSE

Defendants deny that they proximately caused any of the damages claimed by Pitt or members of the putative class.

### TWENTY-FIRST DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-SECOND DEFENSE

Pitt's claims, and the claims made on behalf of the putative class, are barred because any alleged violation was innocent and unintentional.

### TWENTY-THIRD DEFENSE

The Court lacks subject matter jurisdiction over Pitt's claims, and the claims made on behalf of the putative class, because Pitt and the purported class members have failed to allege an injury-in-fact sufficient to confer constitutional standing on those individuals.

WHEREFORE, Defendants Kmart Corporation and Sears Holdings Corporation, by counsel, respectfully request:

(1)     that the Court enter judgment in favor of Defendants and against Pitt on the claims in the Second Amended Complaint and deny all relief sought by Pitt;

(2)     that the Court decline to certify Pitt's claims as a class action;

(3)     that the Court award Defendants their costs, including reasonable attorneys' fees, incurred in connection with this action; and

20198139v1

(4)     that the Court award Defendants such other and further relief as this Court

deems just and proper.


Dated: November 21, 2012                    Respectfully Submitted

                                            **KMART CORPORATION &**
                                            **SEARS HOLDINGS CORPORATION**

                                   By:    /s/ John C. Lynch_____
                                          Of Counsel

John C. Lynch
Virginia State Bar No. 39267
*Attorney for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email:  john.lynch@troutmansanders.com

20198139v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2012, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF System which will then send a

notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Christopher Colt North
The Consumer and Employee Rights Law Firm
751-A Thimble Shoals Blvd.
Newport News, VA 23606
cnorthlaw@aol.com

Leonard A. Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, Virginia 23601
Email: lenbennett@cox.net

/s/ John C. Lynch
John C. Lynch
Virginia State Bar No. 39267
*Attorney for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email:  john.lynch@troutmansanders.com

20