*Exhibit "A"*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between (1) Plaintiff Eric Dante Pitt, individually and as a representative of the Settlement Class as defined below; (2) Kmart Corporation; and (3) Sears Holdings Corporation. Kmart Corporation and Sears Holdings Corporation are collectively referred to as "Defendants." Plaintiff and Defendants are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

WHEREAS, Kmart Corporation, Sears Holdings Corporation, and their affiliates combined employ thousands of consumers throughout the United States, including in the State of Virginia; and

WHEREAS, Sears Holdings Management Corporation, an affiliate of Kmart Corporation and Sears Holdings Corporation, obtains background screening reports to be used in connection with certain employment decisions made on behalf of itself and its affiliates; and

WHEREAS, on October 17, 2011, Eric Dante Pitt commenced the lawsuit styled *Pitt v. Kmart Corporation*, in the United States District Court for the Eastern District of Virginia, Civil Action No: 3:11CV697, alleging that Kmart Corporation willfully failed to comply with the disclosure and authorization requirements in 15 U.S.C. § 1681b(b)(2) prior to obtaining a consumer report about him for employment purposes and willfully failed to comply with the pre-adverse action notification requirements in 15 U.S.C. § 1681b(b)(3) prior to taking adverse employment action against him (the "Litigation"); and

1

WHEREAS, on March 16, 2012, Plaintiff filed an Amended Class Complaint in the Litigation, which added Sears Holdings Corporation as a defendant; and

WHEREAS, on April 24, 2012, the United States District Court for the Eastern District of Virginia (the "Court") entered an agreed order in the Litigation dismissing with prejudice the claims asserted under 15 U.S.C. § 1681b(b)(2); and

WHEREAS, on May 8, 2012, Defendants answered the Amended Class Complaint denying the allegations therein, denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting various defenses; and

WHEREAS, on October 11, 2012, after the parties had conducted significant fact discovery, the Court entered orders staying the case to permit mediation and assigning Magistrate Judge Hannah Lauck to monitor the mediation; and

WHEREAS, on October 31, 2012, Plaintiff filed a Second Amended Class Complaint in the Litigation; and

WHEREAS, on November 21, 2012, Defendants answered the Second Amended Class Complaint denying the allegations therein, denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting various defenses; and

WHEREAS, Plaintiff has undertaken substantial investigation and discovery in the Litigation, including review of thousands of pages of documents provided by Defendants, interviews with numerous consumers, review of consumer employment reports and notifications, and review and analysis of documents provided by Defendants in support of the prosecution of the Litigation and settlement negotiations relating thereto; and

WHEREAS, on November 16, 2012, with the assistance of private mediator Judge James Robertson, the Parties conducted arms-length, contentious, lengthy, and complicated

2

negotiations and agreed in principle to a settlement structure and amount to resolve the Litigation as described further below, subject to one confirmatory Rule 30(b)(6) telephonic deposition of Defendants' designee to last no more than two hours; and

WHEREAS, the Parties are willing to enter into this Settlement Agreement to settle the claims of the Plaintiff and Settlement Class Members because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation; and

WHEREAS, Plaintiff and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members and is in the best interest of the Settlement Class Members settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court; and

WHEREAS, Defendants deny all claims asserted against them in the Litigation, deny that class certification would be appropriate if the cases were litigated rather than settled, deny all allegations of wrongdoing and liability, and deny that anyone was harmed by the conduct alleged, but nevertheless desire to settle Plaintiff's claims on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the proceedings on those issues in the Litigation and fully, finally, and forever putting to rest the controversies engendered;

**NOW THEREFORE**, IT IS AGREED, by and among the Parties, without (a) any admission or concession of the lack of merit of the Litigation whatsoever on the part of Plaintiff, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendants, that the Litigation and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court.

The recitals stated above are true and accurate and are hereby made a part of the Settlement Agreement.

## I.   DEFINITIONS

As used in this Settlement Agreement, the terms defined below shall have the meanings assigned to them when capitalized in the same fashion as in this Part I.  Any other terms that relate to the consumer reporting industry shall have the customary meaning accorded to those terms in the consumer reporting industry.

1.1   "Settlement Class" means all natural persons residing in the United States or its territories to whom, according to the records of Defendants or their agents, the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before September 28, 2012, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendants' attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

1.2   "Settlement Class Members" means the members of the Settlement Class.

1.3   "Attorneys' Fees" means the attorneys' fees and expenses applied for by Settlement Class Counsel relating to this Settlement Agreement and approved by the Court.

1.4   "CAFA Notice" means notice of this proposed settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

1.5   "Class Settlement Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

1.6   "Consumer" means a natural person residing in the United States of America or its territories.

1.7     "Court" means the United States District Court for the Eastern District of Virginia.

1.8     "Defendants" means Kmart Corporation and Sears Holdings Corporation.

1.9     "Defendants' Counsel" means Troutman Sanders LLP.

1.10    "Effective Date" means the date on which the Court's Final Approval Order and the
        Court's order regarding Attorneys' Fees have all become final because either (i) no
        appeal of the Final Approval Order or the Court's order regarding Attorneys' Fees have
        been filed and the time provided in the applicable rules of procedure within which an
        appeal may be filed has lapsed, or (ii) if one or more timely appeals have been filed, all
        such appeals are finally resolved, with no possibility of further appellate review, resulting
        in final judicial approval of this Settlement.  For purposes of this definition, the term
        "appeal" includes writ proceedings.

1.11    "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and any
        subsequent amendments thereto.

1.12    "FCRA State Equivalents" means any statute, regulation, or common law rule of any
        state, U.S. territory, the District of Columbia, or Puerto Rico, that has the purpose or
        effect of regulating the collection, reporting, or use of consumer information and related
        actions.

1.13    "Final Approval" means the approval of the Settlement Agreement by the Court at or
        after the Final Approval Hearing, and entry on the Court's docket of the Final Approval
        Order.

1.14    "Final Approval Order" means a final order and judgment in substantially the form
        attached hereto as Exhibit A entered by the Court giving Final Approval to the Settlement

Agreement and dismissing with prejudice Plaintiff's claims and entering a judgment according to the terms set forth in this Settlement Agreement.

1.15    "Final Approval Hearing" or "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve this Settlement, enter the Final Approval Order, and make such other rulings as are contemplated by this Settlement. The Final Approval Hearing shall not be scheduled for a date less than 90 days following the mailing of CAFA Notice as set forth in Section 4.3.

1.16    "Litigation" means *Pitt v. Kmart Corporation, et al.*, No: 3:11-cv-697 (E.D. Va.).

1.17    "Mail Notice" means the notice (in a form substantially similar to that attached hereto as Exhibit B and approved by the Court) that will be mailed to proposed Settlement Class Members pursuant to the Notice Plan.

1.18    "Named Plaintiff" means the Plaintiff named in the Litigation, i.e., Eric Dante Pitt.

1.19    "Notice and Administration Expenses" means the fees, costs, and expenses incurred by the Settlement Administrator in order to carry out its obligations under this Settlement Agreement.

1.20    "Notice Plan" means the plan for disseminating notice to proposed Settlement Class Members as described in Sections 4.1 and 4.2 hereof.

1.21    "Parties" means Plaintiff and Defendants.

1.22    "Payment Notice" means the notice sent to Settlement Class Members at the time of payment pursuant to Subsection 7.2.5 of this Settlement Agreement.

1.23    "Preliminary Approval" means preliminary approval of the Settlement Agreement by the Court, conditional certification of the Settlement Class, and approval of the method and content of notice to the Settlement Class.

1.24 "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval.

1.25 "Released Claims" means any and all claims (1) under Section 604 of the FCRA, 15 U.S.C. § 1681b; (2) under FCRA State Equivalents of Section 604 of the FCRA; and (3) arising out of any requirement imposed by the FCRA or FCRA State Equivalents regarding any consumer report(s) furnished by HireRight Solutions.

1.26 "Released Parties" means and refers to (a) Kmart Corporation, Sears Holdings Corporation, Sears Holdings Management Corporation, and each of their respective present, former and future affiliates, parents, subsidiaries, corporate family members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, and assigns, individually, jointly and severally; and (b) HireRight Solutions, Inc. (formerly known as USIS Commercial Services, Inc.) and its present, former and future affiliates, parents, subsidiaries, corporate family members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, and assigns, individually, jointly and severally.

1.27 "Settlement" means the agreement between the Named Plaintiff (on behalf of himself and as proposed representative of the Settlement Class) and Defendants to settle and compromise Named Plaintiff's and the Settlement Class Members' claims in the Litigation, as memorialized in this Settlement Agreement and the accompanying documents attached hereto, fully, finally and forever.

1.28   "Settlement Administrator" means McGladrey LLP.

1.29   "Settlement Class Counsel" or "Class Counsel" means Leonard Bennett and Matthew J. Erausquin of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

1.30   "Settlement Fund" means the escrow account established pursuant to Section 7.1 herein and the three million dollars ($3,000,000) to be deposited into it pursuant to Section 7.1.

1.31   "Settlement Website" means the internet website established by the Settlement Administrator for purposes of facilitating notice to, and communicating with, the proposed Settlement Class Members.

## II.   NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION

### 2.1   Defendants' Denial Of Wrongdoing Or Liability

Defendants have asserted and continue to assert many defenses in this Litigation and have expressly denied and continue to deny any fault, wrongdoing or liability whatsoever arising out of the conduct alleged in the Litigation. Defendants expressly deny any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Litigation. The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendants' willingness to enter into this Settlement Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed as an admission by or against Defendants or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of any claim or fact alleged in the Litigation, or any infirmity of any defenses asserted by Defendants in the Litigation.

## 2.2   No Admission by Defendants of Elements of Class Certification

Defendants deny that a class should be certified other than for purposes of this Settlement and reserve their rights to contest any class certification motion. Defendants contend that this Litigation could not be certified as a class action under Federal Rule of Civil Procedure 23. Nothing in this Settlement Agreement shall be construed as an admission by Defendants or any of the Released Parties that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent any Defendant from opposing class certification or seeking de-certification of the conditionally certified settlement class if Final Approval of this Settlement is not obtained, or not upheld on appeal, including review by the United States Supreme Court.

## III.   MOTION FOR PRELIMINARY APPROVAL

3.1   On or before January 25, 2013, Settlement Class Counsel shall file this Settlement Agreement with the Court together with a motion for Preliminary Approval that seeks entry of an order that would, for settlement purposes only: (i) certify a conditional settlement class under Federal Rule of Civil Procedure 23 composed of the Settlement Class Members as described in Section 1.1; (ii) preliminarily approve this proposed Settlement Agreement; (iii) approve the proposed Mail Notice to the proposed Settlement Class Members in a form substantially similar to that attached hereto as Exhibit B; (iv) certify the Named Plaintiff as representative of the Settlement Class; (v) appoint Settlement Class Counsel; and, (vi) appoint the Settlement Administrator.

3.2   Settlement Class Counsel will cause to be hired McGladrey LLP as the Settlement Administrator.

## IV.   NOTICE PLAN

### 4.1   Preparation and Production of Settlement Class Lists

4.1.1   Defendants agree to provide the Settlement Class list to the Settlement Administrator. The Settlement Class list shall consist of those Consumers, as determined through commercially reasonable methods, who are eligible for membership in the Settlement Class.

4.1.2   Defendants agree to provide to the Settlement Administrator the Social Security number, date of birth, electronic mail address, and mailing address of each Consumer appearing on the class lists described in Subsection 4.1.1, to the extent such information can be systematically retrieved through commercially reasonable methods from the transactional processing databases of Defendants or their agents.

4.1.3   Defendants represent that there are approximately Sixty-Four Thousand Five Hundred Six (64,506) Settlement Class Members. Defendants further represent that there are approximately Thirty-Seven Thousand One Hundred Fifty-Two (37,152) Settlement Class Members to whom a notice described in 15 U.S.C. § 1681b(b)(3) was sent on or between October 17, 2009 and September 28, 2012 and that there are approximately Twenty-Seven Thousand Three Hundred Fifty-Four (27,354) additional Settlement Class Members to whom a notice described in 15 U.S.C. § 1681b(b)(3) was sent on or between October 17, 2006 and October 16, 2009. These estimates constitute a material term of the Settlement.

4.1.4   On the same date that Settlement Class Counsel files this Settlement Agreement with the Court, the Parties shall jointly move the Court for entry of an order governing the disclosure and use of the class lists and class member information in a form substantially similar to that attached hereto as Exhibit C.

4.1.5   Within five (5) days of entry the order referred to in Subsection 4.1.4, Defendants shall provide the class list described in Subsections 4.1.1 – 4.1.2 to the Settlement Administrator.

4.2  **Notice Process**

For purposes of providing court-approved class notices and establishing that the best practicable notice has been given, the provision of class notice will be accomplished in accordance with the following provisions.

4.2.1  Mail Notice

Within thirty (30) days following Preliminary Approval, the Settlement Administrator shall cause the Mail Notice to be sent via first-class U.S. mail, postage prepaid, to all Settlement Class Members.  Prior to sending the Mail Notice, the Settlement Administrator shall update mailing addresses through the USPS National Change of Address database and utilize an address verification resource to identify missing addresses.  For up to thirty (30) days following mailing of the Mail Notice, the Settlement Administrator will re-mail the Mail Notice via first-class U.S. mail, postage prepaid, to updated addresses of Consumers identified on the Settlement Class list to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the mailing of the Mail Notice to be filed with the Court.  Neither the Parties nor the Settlement Administrator shall have any further obligation to send notice of the Settlement to proposed Settlement Class Members.

4.2.2  Electronic Mail Notice

Notwithstanding the provisions of Subsection 4.2.1, the Settlement Administrator will substitute electronic mail notice for U.S. Postal Service notice for any Consumer on the Settlement Class list for whom it obtains an electronic mail address pursuant to Subsection 4.1.2.

4.2.3   Internet Notice

The Settlement Administrator shall establish an internet website containing information about the Settlement at http://www.SearsFCRAClassAction.com.  The Settlement Website will be accessible no later than five (5) days prior to the mailing of the Mail Notice described above. The Settlement Website will set forth the following information:  (i) the full text of the Settlement Agreement; (ii) the Mail Notice; (iii) the Preliminary Approval Order and other relevant orders of the Court; (iv) with the consent of Defendants (which shall not be unreasonably withheld), other documents and information determined in good faith by Settlement Class Counsel to be reasonably necessary for effectuating of this settlement and notice process; (v) if the Settlement is terminated, a notice approved by the Parties notifying Settlement Class Members of such termination; and (vi) contact information for Settlement Class Counsel and the Settlement Administrator.  Any language or information appearing on the website in addition to the above-listed documents shall appear only with the prior consent of all Parties.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court. The Settlement Website shall be disestablished one hundred twenty (120) days following the mailing of the last Payment Notice as set forth in Subsection 7.2.5 or, if this Settlement is terminated, one hundred twenty (120) days following such termination.  Within thirty (30) days after the Settlement Website is disestablished, the Settlement Administrator shall transfer the ownership of http://www.SearsFCRAClassAction.com to Sears Holdings Corporation.  Any disputes under this Subsection shall be resolved by the Court.

### 4.2.4   Telephone Assistance Program

The Settlement Administrator shall establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from Settlement Class Members. The toll-free number will provide access to live support, a voice response unit ("VRU"), or a combination of live support and VRU.  It shall also offer a Spanish language alternative number and VRU.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Telephone Assistance Program to be filed with the Court.  The telephone assistance program described in this Subsection shall be maintained by the Settlement Administrator until sixty (60) days following the mailing of the last Payment Notice, pursuant to Subsection 7.2.5.

### 4.3   **Notice Under Class Action Fairness Act of 2005 ("CAFA Notice")**

4.3.1   Defendants will send CAFA Notice in accordance with 28 U.S.C. § 1715(a) not later than ten (10) days after this Settlement Agreement is filed with the Court.  Defendants will bear the cost associated with sending CAFA Notice.

4.3.2   Defendants shall file with the Court a certification of the date upon which the CAFA Notice was served.

## V.   PROCEDURES FOR OPT-OUTS AND OBJECTIONS

### 5.1   **Opt-Out Procedures**

5.1.1   The Mail Notice shall contain information about how a proposed Settlement Class Member may opt out of the Settlement, as well as the potential implications of doing so, including that opting out may preclude later participation in any class action against the Released Parties.

5.1.2   A proposed Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to "Exclusion Requests – *Pitt v. Kmart/Sears*

Settlement Administrator" to the address for the Settlement Administrator provided in the Mail Notice. The proposed Settlement Class Member's opt-out request must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. Opt-out requests must be postmarked no later than twenty-one (21) days before the Final Approval Hearing.

5.1.3   In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class involving more than one consumer be considered valid opt-outs.

5.1.4   Requests for exclusion that do not comply with Subsections 5.1.2 and 5.1.3 are invalid.

## 5.2   **List of Opt Outs**

No later than five (5) business days after the deadline for submission of opt-out requests, the Settlement Administrator shall provide to Settlement Class Counsel and Defendants' Counsel a complete list of all proposed Settlement Class Members who have properly opted out of the Settlement together with copies of the opt-out requests.

## 5.3   **Representation of Opt-Outs**

Settlement Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members. Settlement Class Counsel agree that Consumers who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members. Accordingly, Settlement Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties.

5.4     **Objections from Settlement Class Members**

Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Settlement Class Counsel and Defendants' Counsel at the addresses provided in the Mail Notice. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Objections to the Settlement Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

## VI.     FINAL FAIRNESS HEARING AND FINAL APPROVAL

6.1     **Final Fairness Hearing**

The Parties will jointly request that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Litigation as provided for herein approximately one hundred (100) days after Preliminary Approval but in no event fewer than 90 days after CAFA Notice is served. On or before a date at least ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a motion for entry of the Final Approval Order. The Parties agree that the Final Approval Order constitutes a final judgment dismissing the Litigation with prejudice.

6.2     **Final Approval**

All relief contemplated by this Settlement Agreement is expressly contingent upon the Settlement Agreement receiving the Court's Final Approval.

## VII.   SETTLEMENT FUND

7.1     **Creation of and Deposit Into Settlement Fund**

Within five (5) days of Preliminary Approval, Settlement Class Counsel shall establish an escrow account or equivalent account approved by Defendants at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Litigation.  Settlement Class Counsel and Defendants' Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with this Settlement Agreement.  No funds shall be distributed or paid by the Financial Institution without written confirmation from both Settlement Class Counsel and Defendants' Counsel.  Settlement Class Counsel shall promptly notify Defendants' Counsel of the date of the establishment of the Settlement Fund account.  Within ten (10) business days following Preliminary Approval, Defendants shall deposit or cause to be deposited by their insurers and/or indemnitors, with the Financial Institution, by draft or by wire, the aggregate amount of three million dollars ($3,000,000).  The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government.  Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class in the event this Settlement Agreement is not terminated by the Defendants and the Effective Date otherwise occurs.

7.2     **Use and Disbursement of Settlement Fund**

7.2.1    The Settlement Fund shall be used only in the manner and for the purposes provided for in this Settlement Agreement.  No portion of the Settlement Fund shall be disbursed except as expressly provided for herein.

7.2.2    **Attorneys' Fees.**  Within five (5) days after the Effective Date, the Settlement Administrator shall pay from the Settlement Fund the Attorneys' Fees as provided in Section 7.3.

7.2.3    **Incentive Award.**  Within five (5) days after the Effective Date, the Settlement Administrator shall pay from the Settlement Fund the incentive award to the Named Plaintiff as provided in Section 7.4.

7.2.4    **Notice and Administration Expenses.**  The Settlement Administrator shall invoice and be paid for Notice and Administration Expenses as provided in Section 7.5.

7.2.5    **Settlement Payments.**  Within five (5) days after the Effective Date, the Settlement Administrator shall mail Payment Notices and settlement checks in the amounts set forth in Subsections 7.6.1 and 7.6.2 to the Settlement Class Members via U.S. Mail.  The settlement checks shall include the appropriate release as set forth in Subsection 7.6.4.  The Payment Notices accompanying the settlement checks shall notify the recipients that the checks must be cashed within forty-five (45) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.  Forty-five (45) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund for further distribution pursuant to this Settlement Agreement.

7.2.6    **Taxes and Tax Expenses.**  Taxes and Tax Expenses shall be paid from the Settlement Fund as provided in Sections 12.5 and 12.6.

7.2.7 **Cy Pres.** Within one-hundred eighty (180) days after the Effective Date, any excess funds remaining in the Settlement Fund shall be distributed as follows and in this order: (i) for the payment of Notice and Administration Expenses in excess of Two Hundred Thousand dollars ($200,000.00); (ii) to reimburse the Defendants or their insurers and/or indemnitors for up to Fifty Thousand dollars ($50,000.00) of their payment of Notice and Administration Expenses; and (iii) after all distributions and withholdings have been made in accordance with this Settlement Agreement, the remainder shall be donated to the Peninsula Community Foundation of Virginia, subject to approval by the Court.

7.3 **Attorneys' Fees**

7.3.1 No later than ten (10) days before the Final Approval Hearing, Settlement Class Counsel shall file an application or applications to the Court for reimbursement of Attorneys' Fees and costs from the Settlement Fund, not to exceed thirty percent (30%) (which will also include any incentive award awarded pursuant to Section 7.4). The application or applications shall be noticed to be heard at the Final Fairness Hearing. Defendants do not and will not oppose such a request. To the extent the Court approves an award of Attorneys' Fees in an amount less than the above amount, the difference will remain in the Settlement Fund.

7.3.2 The application or applications for Attorneys' Fees, and any and all matters related thereto, shall not be considered part of the Settlement Agreement, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Plaintiff and Settlement Class Counsel agree that this Settlement Agreement is not conditional on the Court's approval of Attorneys' Fees in the requested amount or in any amount whatsoever. The Court's ruling on the application or applications for such fees shall not operate to terminate or cancel the Settlement.

7.3.3   Defendants shall have no responsibility for, or any liability with respect to, the payment of Attorneys' Fees to the Settlement Class Counsel. The sole source of any payment of Attorneys' Fees shall be the Settlement Fund. Attorneys' Fees in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator within five (5) days after the Effective Date.

### 7.4    Incentive Award to the Named Plaintiff

7.4.1   On or before ten (10) days before the Final Fairness Hearing, Settlement Class Counsel shall file an application to the Court for an incentive award, not to exceed five-thousand dollars ($5,000), to be paid to the Named Plaintiff serving as class representative in support of the Settlement. Defendants do not oppose such a request. To the extent the Court approves an incentive award in an amount less than the amount above, the difference will remain in the Settlement Fund.

7.4.2   Defendants shall have no responsibility for, or any liability with respect to, the payment of an incentive award to the Named Plaintiff. The sole source of any incentive award payment shall be the Settlement Fund. An incentive award in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator within five (5) days after the Effective Date.

### 7.5    Notice and Administration Expenses

7.5.1   The Parties have estimated that Notice and Administration Expenses will be less than Two Hundred Thousand dollars ($ 200,000.00). The Parties have agreed that the Defendants shall pay up to One Hundred Thousand dollars ($ 100,000.00) of these Notice and Administration Expenses, in addition to any expense incurred in creating the Settlement Class list.

7.5.2   In order to pay the Settlement Class portion of Notice and Administration Expenses from the Settlement Fund, the Settlement Administrator shall withhold from distribution to class members the amount of One Hundred Thousand dollars ($ 100,000.00).

7.5.3   If Notice and Administration Expenses exceed Two Hundred Thousand dollars ($ 200,000.00), the excess shall be paid from undistributed funds at the end of the settlement process pursuant to Subsection 7.2.7 and, if no such funds remain, then from the Attorneys Fees awarded to Settlement Class Counsel.

7.5.4   The calculation of net settlement payments to Settlement Class Members shall exclude the One Hundred Thousand dollars ($ 100,000.00) withheld pursuant to Subsection 7.5.2 to pay the Settlement Class portion of Notice and Administration Expenses.

7.5.5   Within thirty (30) days after entry of the Preliminary Approval Order and every thirty (30) days thereafter, all Notice and Administration Expenses that have been incurred by the Settlement Administrator shall be invoiced. These invoices shall be subject to approval of Settlement Class Counsel and Defendants' Counsel and shall be paid as follows and by this order: (i) first, from the Settlement Funds withheld pursuant to Subsection 7.5.2; (ii) second, up to One Hundred Thousand dollars ($ 100,000) by Defendants and/or their insurers and/or indemnitors; (iii) third, from undistributed funds pursuant to Subsection 7.5.3; and (iv) fourth, from Settlement Class Counsel pursuant to Subsection 7.5.3.

7.5.6   The Settlement Administrator shall advise Settlement Class Counsel and Defendants' Counsel of the submission of the final invoice, which must be submitted within 150 days after the Effective Date. Any invoice submitted after this deadline shall not be paid.

7.5.7   Any disputes relating to this Section 7.5 shall be brought to United States Magistrate Judge Hannah Lauck for resolution.

7.6      **Settlement Class Member Payments**

7.6.1    Settlement Class Members who appear on the Settlement Class list to whom the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2009 but on or before September 28, 2012 are entitled to payment pursuant to the process set forth in Section 7.2.5 in the approximate gross amount of fifty-nine dollars and zero cents ($59.00) each.  The amount of each check to be issued to such Settlement Class Members is subject to *pro rata* deduction from the Settlement Fund for Attorneys' Fees, for any incentive award approved by the Court, and for the amount withheld pursuant to Subsection 7.5.2 to pay the Settlement Class portion of Notice and Administration Expenses.

7.6.2    Settlement Class Members who appear on the Settlement Class list to whom the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before October 16, 2009 are entitled to payment pursuant to Section 7.2.5 in the approximate gross amount of twenty-nine dollars and fifty cents ($29.50) each.  The amount of each check to be issued to such Settlement Class Members is subject to *pro rata* deduction from the Settlement Fund for Attorneys' Fees, for any incentive award approved by the Court, and for the amount withheld pursuant to Subsection 7.5.2 to pay the Settlement Class portion of Notice and Administration Expenses.

7.6.3    All payments described in Subsections 7.6.1 and 7.6.2 shall be funded through the Settlement Fund.

7.6.4   Settlement checks shall state: "This payment is tendered to you as a class member in *Pitt v. Kmart Corp., et al.*, No. 11-cv-697 (E.D. Va.), in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

## 7.7   **Capped Fund**

Except for the costs of the CAFA Notice pursuant to Section 4.3 hereof and any Notice and Administration Expenses Defendants may be required to pay pursuant to Subsection 7.5.5 hereof, all of the following must be paid from the Settlement Fund: (i) payments to the Settlement Class Members; (ii) payments to Settlement Class Counsel for Attorneys' Fees; (iii) an incentive award to the Named Plaintiff; and (iv) the first $ 100,000 of Notice and Administration Expenses pursuant to Subsection 7.5.5. The Parties and their respective counsel agree that under no circumstances other than those expressly set forth in Subsections 4.3.1 (CAFA Notice) and 7.5.5 (Defendants' portion of Notice and Administration Expenses) hereof will Defendants pay or cause to be paid more than Three Million dollars ($3,000,000) pursuant to this Settlement Agreement.

## VIII.   RELEASE OF CLAIMS

## 8.1   **Settlement Class Release**

Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Named Plaintiff and each Settlement Class Member who did not validly opt out of the Settlement and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as parens patriae) completely, finally and forever release and discharge the Released Parties of and from the Released Claims. Subject to the Court's approval, this Settlement Agreement shall bind all Settlement Class Members and all of the Released Claims shall be dismissed with

22

prejudice and released as against the Released Parties, even if the Settlement Class Member never received actual notice of the Settlement prior to the Final Approval Hearing. The Released Claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

8.2     **Waiver of California Civil Code Section 1542**

Plaintiff, for himself and for each Settlement Class Member, acknowledges that he is aware that he may hereafter discover facts in addition to or different from those that he or Settlement Class Counsel now knows or believes to be true with respect to the subject matter of these releases, but it is his intention to, and he does hereby, upon the Effective Date of this Settlement Agreement, fully, finally and forever settle and release any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff, for himself and for each Settlement Class Member, waives any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases. For example, it is expressly understood and agreed by Plaintiff, for himself and for each Settlement Class Member, that this Settlement Agreement is in full accord, satisfaction and discharge of any Released Claims encompassed by this Settlement Agreement and that this Settlement Agreement has been executed by Plaintiff with the express

intention of effectuating the legal consequences provided for in California Civil Code Section 1541, i.e., the extinguishment of certain obligations, known or unknown.  Plaintiff has read Section 1541 and it is fully understood by him.  Section 1541 provides as follows:

> AN OBLIGATION IS EXTINGUISHED BY A RELEASE THEREFROM GIVEN TO THE DEBTOR BY THE CREDITOR, UPON A NEW CONSIDERATION, OR IN WRITING, WITH OR WITHOUT NEW CONSIDERATION.

## IX.    TERMINATION AND SUSPENSION

### 9.1    <u>Rights to Terminate Agreement</u>

Defendants' willingness to settle this Litigation on a class-action basis and to agree to the certification of conditional Settlement Class is dependent upon achieving finality in this Litigation and avoiding the expense of this and other litigation. Consequently, Defendants shall have the unilateral and unfettered right to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Plaintiff, Settlement Class Members, or Settlement Class Counsel if any of the following conditions subsequently occurs:

      a.      The Court fails or declines to grant Preliminary Approval;

      b.      More than 3% of the proposed Settlement Class Members request to opt-out of the Settlement pursuant to Section 5.1;

      c.      The Court materially modifies the Final Approval Order such that it is not acceptable to Defendants;

      d.      The Defendants' estimates of Settlement Class membership sizes stated in Subsection 4.1.3 increases by more than 3%, unless Defendants elect to make a proportionate increase in the amount they deposit or cause to be deposited by their insurers and/or indemnitors into the Settlement Fund.

e.      The Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement.

The failure of any Court to approve the Attorneys' Fees or incentive award in the requested amounts, or any amounts whatsoever, shall not be grounds for Named Plaintiff or Settlement Class Counsel to terminate this Settlement Agreement.

## 9.2     **Procedure for Terminating Agreement**

To terminate this Settlement Agreement, Defendants or Defendants' Counsel shall provide written notice of termination to Settlement Class Counsel via e-mail and first-class U.S. Mail. Termination of this Settlement Agreement shall become effective on the date such written notice is provided via email.

## 9.3     **Effect of Termination on This or Future Litigation**

If this Settlement Agreement is terminated:

a.      the class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

b.      counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

c.      the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

d.      the Parties shall stand in the same procedural position as if the Settlement

Agreement had not been negotiated, made, or filed with the Court.

9.4      **Effect on Monies Paid Pursuant to Settlement Agreement**

If this Settlement Agreement is terminated or the Effective Date otherwise does not

occur, the Settlement Fund, including interest earned but less Taxes and Tax Expenses that have

been properly disbursed pursuant to this Settlement Agreement, shall be returned directly to

Defendants or their designee(s) within five (5) days of notification by Defendants.

## X.      PUBLIC STATEMENTS

10.1      Settlement Class Counsel agree to make no statements, directly or indirectly, to any

media source, including but not limited to press releases, concerning the Settlement prior to the

Preliminary Approval Hearing.

10.2      Settlement Class Counsel agree to make no statements, directly or indirectly, to any

media source, including but not limited to press releases, subsequent to the Preliminary Approval

Hearing regarding the Settlement unless Defendants consent to the making of the statement and

to the statement's language. This provision does not prohibit Settlement Class Counsel from

posting on a professional website his participation in this case more than Sixty days after the

Effective Date. This provision is not intended to limit communications of Settlement Class

Counsel with any client, Settlement Class Member or other person involved in this case.

## XI.     MISCELLANEOUS PROVISIONS

11.1      **Admissibility of Settlement Agreement**

This Settlement Agreement shall not be offered or be admissible in evidence in any

action or proceeding except (1) the hearings necessary to obtain and implement Court approval

of this Settlement; or (2) any hearing to enforce the terms of this Settlement Agreement or any

related order by the Court.

11.2    **Successors and Assigns**

The terms of this Settlement Agreement shall apply to and bind the Parties as well as their heirs, successors and assigns.

11.3    **Communications with Parties Relating to Settlement Agreement**

All notices, requests for consent, and other formal communications under this Settlement Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is directed at the following addresses:

**If to Plaintiffs:**

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA  23606

**If to Defendants:**

General Counsel, Law Department
Sears Holdings Management Corporation
3333 Beverly Road,
Hoffman Estates, IL 60179
Phone: (847) 286-0405
Fax: (847) 286-4511

*with a copy that does not constitute notice to:*

John C. Lynch
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Phone: (757) 687-7500
Fax: (757) 687-7510
john.lynch@troutmansanders.com

Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above.

11.4    **Defendants' Communications with Consumers in the Ordinary Course of Business**

Defendants reserve the right to continue communicating with Consumers that are their customers, employees, or prospective employees, including Settlement Class Members, in the ordinary course of business. To the extent Consumers initiate communications regarding this Settlement Agreement, Defendants and their counsel may confirm the fact of a settlement and refer inquiries to the Settlement Administrator.

11.5    **Efforts to Support Settlement**

The Parties and their counsel agree to cooperate fully in seeking Court approval for this Settlement Agreement and to use their best efforts to effect the consummation of the Settlement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Litigation, if so required.

11.6    **Procedures for Disputes Between Parties Relating to the Settlement Agreement**

To the extent any disputes or issues arise with respect to documenting or effecting the Settlement Agreement, the Parties agree to use their best efforts to informally resolve any such disputes or issues; but in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to the Court for resolution.

11.7    **Entire and Voluntary Agreement**

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation. The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith and were reached voluntarily after consultation with competent legal counsel. There shall there be no presumption for or against any Party that drafted all or any portion of this Settlement Agreement. This Settlement Agreement contains the entire agreement and understanding concerning the subject matter between the Parties and supersedes all prior negotiations and proposals, whether written or oral. No other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce Plaintiff or Settlement Class Counsel to execute the same. The Parties represent that they

have not executed this Settlement Agreement or the other documents in reliance on any promise, representation or warranty not contained or referred to in this Settlement Agreement.

## 11.8  **Headings for Convenience Only**

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

## 11.9  **Settlement Agreement Controls**

All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. To the extent that there is any conflict between the terms of this Settlement Agreement and the exhibits attached hereto, this Settlement Agreement shall control.

## 11.10  **Amendments**

The Settlement Agreement may be amended or modified only by a written instrument signed by Defendants and Settlement Class Counsel, or their respective successors-in-interest.

## 11.11  **Authorization of Counsel**

11.11.1    Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff and the Settlement Class Members to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that they deem necessary or appropriate.

11.11.2    Each attorney or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

11.12  **Confidentiality**

All agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information, including the Stipulated Protective Order entered by the Court on July 9, 2012, shall survive this Settlement Agreement.

11.13  **Court's Jurisdiction**

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.

11.14  **Construction**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any of the Parties. Before declaring any provision of this Settlement Agreement invalid, a court should first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable.

11.15  **No Claims Arising from this Settlement Agreement**

No person shall have any claim against any Released Party or counsel for any Released Party, Named Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

11.16  **Applicable Law**

This Settlement Agreement shall, in all respects, be interpreted, construed and governed by and under the laws of the United States of America. To the extent state law applies for any reason, the laws of the State of Virginia shall be applied. All judicial proceedings regarding this

Settlement Agreement shall be brought only in the Court. Any notice period set forth in this Settlement Agreement shall be calculated pursuant to the Federal Rules of Civil Procedure and the Eastern District of Virginia's Civil Local Rules.

### 11.17 **Counterparts**

This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

## XII.   SETTLEMENT FUND TAX ISSUES

12.1   The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder ("IRC"). The Settlement Administrator shall take no actions that are inconsistent with the Settlement Fund's status as a "qualified settlement fund." Further, the Settlement Administrator may petition the Court to amend, either in whole or in part, any portion of this Settlement Agreement which causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

12.2   For the purposes of Treas. Reg. § 1.468B-1 et seq., the "administrator" shall be the Settlement Administrator. Any person or entity that deposits or transfers money into the Settlement Fund shall be classified as a "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

12.3   It is intended that all transfers to the Settlement Fund will satisfy the "all events test" and the "economic performance" requirements of IRC Section 461(h)(1) and Treas. Reg. § 1.461-1(a)(2). As such, the transferor(s) and the Released Parties shall not be taxed on the income of the Settlement Fund. The Settlement Fund shall be taxed on its modified gross income,

excluding the sums, or cash equivalents of things, transferred to it, in accordance with Treas. Reg. § 1.468B-2.

12.4    The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Subsection, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

12.5    The Settlement Administrator shall timely and properly file all informational returns and federal, state and local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)) and ensure compliance with withholding requirements. Such returns (as well as the election described in Subsection 12.4 above) shall be consistent with this Subsection and in all events shall reflect that all federal, state and local income taxes (including any estimated taxes, interest or penalties) ("Taxes") on the income earned by the Settlement Fund are paid out of the Settlement Fund as provided in Subsection 12.6 hereof.  The Settlement Administrator shall apply for an Employer Identification Number in accordance with Treas. Reg. § 1.468B-2(k). Each transferor (or some other person on behalf of that transferor) shall supply to the Settlement Administrator and file with the Internal Revenue Service (with the transferor's timely filed income tax return for the tax year of the transferor in which the transfer is made) the statement described in Treas. Reg. § 1.468B-3(e)(2), no later than February 15th of the year following each calendar year in which

that transferor (or some other person on behalf of that transferor) transfers money into the Settlement Fund.

12.6     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Subsection 12.5) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section.

12.7    Notwithstanding anything herein to the contrary, in the event that any portion of the Settlement Fund shall at any time be considered not to be in compliance with IRC Section 468B, as amended, together with any and all Treasury Regulations and Internal Revenue Service Notices, Announcements and directives thereunder, such offending portion of this Settlement Agreement shall be considered null, void, and of no effect, without any action by any court or by the Settlement Administrator.  The overarching purpose of this Settlement Fund is to at all times be in compliance with IRC Section 468B and all administrative authority and announcements thereunder.  In the event that this Subsection 12.7 applies to render an offending portion of the Settlement Agreement null, void, or of no effect, the remainder of this Settlement Agreement shall not be affected thereby, and each remaining portion of the Settlement Agreement shall be valid and enforced to the fullest extent permitted by law.

[remainder of page intentionally left blank]

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement and
Release to be executed by their duly authorized representatives.

Dated   1/25/2013

PLAINTIFF ERIC DANTE PITT

By: _____

Counsel for Plaintiff and
Settlement Class Counsel

Dated   _____

DEFENDANT KMART CORPORATION

By: _____

VP, Chief Human Resources Officer

Dated   _____

DEFENDANT SEARS HOLDINGS
CORPORATION

By: _____

VP, Chief Human Resources Officer

*Exhibit "A"*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| ERIC DANTE PITT, for himself<br>And on behalf of all similarly situated<br>individuals,<br><br>      Plaintiff,<br><br>      v.<br><br>KMART CORPORATION,<br>A wholly owned subsidiary of Sears<br>Holdings Corporation,<br><br>and<br><br>SEARS HOLDINGS CORPORATION,<br><br>      Defendants. | Civil Action No. 3:11-cv-697 |

## FINAL ORDER AND JUDGMENT

On October 17, 2011, Plaintiff Eric Dante Pitt commenced the lawsuit styled *Pitt v. Kmart Corporation* in the United States District Court for the Eastern District of Virginia, Civil Action No: 3:11-cv-697, alleging that Kmart Corporation willfully failed to comply with 15 U.S.C. § 1681b(b)(2) prior to obtaining a consumer report about him for employment purposes and willfully failed to comply with 15 U.S.C. § 1681b(b)(3) prior to taking adverse employment action against him.

On March 16, 2012, Plaintiff filed an Amended Class Complaint, which added Sears Holdings Corporation as a defendant.

1

On April 24, 2012, the Court entered an agreed order dismissing with prejudice the claims asserted under 15 U.S.C. § 1681b(b)(2).

On October 31, 2012, Plaintiff filed a Second Amended Class Complaint.

On May 8, 2012 and November 21, 2012, Defendants answered the Amended Class Complaint and the Second Amended Class Complaint, respectively, in each case denying the allegations therein, denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting affirmative defenses.

After undertaking substantial investigation and discovery and engaging in arms-length, contentious, lengthy, and complicated negotiations with the assistance of a private mediator, Plaintiff and Defendants (hereinafter jointly referred to as the "Parties") entered into a Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On January 25, 2013, Plaintiff filed the Agreement, along with a consent Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia.

On _____, 2013 upon consideration of the Agreement, the Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Settlement Class

2

Members") with respect to the claims asserted in the lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) appointed Plaintiff Eric Dante Pitt as the class representative; (iv) appointed as Class Counsel Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.; and, (v) set the date and time of the Final Fairness Hearing.

On _____, 2013, Plaintiff filed an Uncontested Motion for Final Approval of Class Settlement, and an Award of Incentive Payment and Attorneys' Fees, along with a supporting memorandum (hereinafter referred to as "Plaintiff's Final Approval Motion").

On _____, 2013, Defendants filed a Memorandum in Support of Final Approval (hereinafter referred to as "Defendants' Final Approval Memorandum").

On May 24, 2013, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the applicable requirements for class action treatment were satisfied and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the Settlement under Fed. R. Civ. P. 23(e).

The Court has read and considered the Agreement, Plaintiff's Final Approval Motion and other associated papers in the record, including but not limited to each of the objections filed by class members. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **JURISDICTION** – The Court has jurisdiction over the subject matter of this lawsuit and over all settling Parties.

2.    **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (herein referred to as the "Settlement Class Members") with respect to the claims asserted in the lawsuit:

> Settlement Class – all natural persons residing in the United States or its territories to whom, according to the records of Defendants or their agents, the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before September 28, 2012, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendants' attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

3.    There are approximately **64,506** Settlement Class Members. Approximately **37,152** Settlement Class Members were sent a notice described in 15 U.S.C. § 1681b(b)(3) on or after October 17, 2009 but on or before September 28, 2012. Approximately **27,354** Settlement Class Members were sent a notice described in 15 U.S.C. § 1681b(b)(3) on or after October 17, 2006 but on or before October 16, 2009.

4.    **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Eric Dante Pitt as the class representative and appoints Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C., as Class Counsel.

5.    **NOTICES** – Pursuant to the Court's Preliminary Approval Order, the approved Mail Notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the

notices were clearly designed to advise the Settlement Class Members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and Settlement set forth in Fed. R. Civ. P. 23(c)(2)(B).

6.    **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court finds that:

A.    The Settlement Class Members are so numerous that joinder of all of them is impracticable;

B.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C.    The claims of the class representative are typical of the claims of the Settlement Class Members;

D.    The class representative and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.    **FAIRNESS OF SETTLEMENT** – The Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible

5

appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

     8.    **SETTLEMENT TERMS** – The Agreement (which was filed on January 25, 2013, Docket No. ____, and shall be deemed incorporated herein) and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    A.    Each Settlement Class Member who appears on the Two-Year Settlement Class list shall be paid from the Settlement Fund the gross amount of fifty-nine dollars (**$59.00**), which is subject to *pro rata* reduction for attorneys' fees and any incentive award approved by the Court, as well as funds withheld for notice and administration pursuant to Subsection 7.5.2 of the Agreement;

    B.    Each Settlement Classes Member who appears on the Five-Year Settlement Class list shall be paid from the Settlement Fund the gross amount of twenty-nine dollars and fifty cents (**$29.50**), which is subject to *pro rata* reduction for attorneys' fees and any incentive award approved by the Court, as well as funds withheld for notice and administration pursuant to Subsection 7.5.2 of the Agreement;

    C.    Plaintiff and Class Counsel have moved for an Incentive Award for the class representative in the amount of five thousand dollars (**$5,000.00**). The Court awards the class representative _____ dollars ($_____.**00**), which shall be paid within five days after the Effective Date in accordance with Section 7.2.3

6

of the Agreement;

D.       Defendants have deposited or caused to be deposited by their insurers and/or

indemnitors cash in the amount of three million dollars (**$3,000,000**) to the Settlement Fund for

the combined settlement payments, notice and administration expenses (to the extent set forth in

Section 7.5 of the Agreement), attorneys' fees, and incentive awards. The Settlement Fund shall

be the sole source of payment for these items. Any excess funds remaining in the Settlement

Fund after all distributions and reimbursements have been made in accordance with the

Agreement shall be donated to the Peninsula Community Foundation of Virginia.

E.       Plaintiff and Class Counsel have moved for an award of attorneys' fees (including

costs and expenses) in the amount of _____ dollars ($_____),

which constitutes _____ (___%) of the Settlement Fund. The Court

awards attorneys' fees (including costs and expenses) in the amount of

_____ dollars ($_____), which constitutes ___ percent (___%)

of the total settlement cash value and shall be paid within five days after the

Effective Date in accordance with Section 7.2.2 of the Agreement.

9.       **OBJECTIONS AND EXCLUSIONS** – The Settlement Class Members were

given an opportunity to object to the settlement. _____ (___) Settlement Class

Members timely objected to the settlement. The Court has carefully considered all the objections

and finds that they are without merit.

The Class Members who made valid and timely requests for exclusion are excluded from

the Settlement Class and Settlement and are not bound by this Order. As of the date of this

Order, _____ (___) Class Members validly and timely requested exclusion. The

identities of such persons are set forth in Exhibit A, attached hereto.

7

10.   **ORDER BINDING** – This order is binding on all Settlement Class Members, except those individuals identified in Exhibit A hereto (who validly and timely excluded themselves from the class).

11.   **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The class representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

12.   **FINAL JUDGMENT** – The Clerk of Court is directed to enter final judgment dismissing the lawsuit with prejudice.

13.   This Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14.   The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the lawsuits and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.


IT IS SO ORDERED.

DATED: _____          _____
                                 JOHN A. GIBNEY, JR.
                                 UNITED STATES DISTRICT COURT JUDGE


8

*Exhibit "B"*

*A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ERIC DANTE PITT**, *et al*,
for himself and on behalf of all
similarly situated individuals,

        **Plaintiff**

    **v.**                               **CIVIL ACTION NO. 3:11-cv-697**

**KMART CORPORATION,**
a wholly owned subsidiary of Sears
**Holdings Corporation,**
**and**
**SEARS HOLDINGS CORPORATION,**

        **Defendants.**

---

## NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU APPLIED FOR A JOB WITH SEARS, KMART CORPORATION OR ANY OTHER SEARS AFFILIATE AND WERE THE SUBJECT OF A BACKGROUND CHECK THAT MAY HAVE BEEN USED TO MAKE AN ADVERSE EMPLOYMENT DECISION, ON OR AFTER OCTOBER 17, 2006 AND ON OR BEFORE SEPTEMBER 28, 2012, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT**

A settlement has been proposed in a class action lawsuit against Kmart Corporation and Sears Holdings Corporation on behalf of consumers who on or after October 17, 2006 but on or before September 28, 2012 were the subject of a background check that may have been used to make an adverse employment decision. You may have been sent a letter with a copy of the background check on behalf of Kmart or any other Sears affiliate ("Pre-adverse action notice") that is alleged not to comply with the Fair Credit Reporting Act (FCRA).

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If the Court approves the settlement, a check in an amount between approximately $18.00 and $38.00 will be mailed to you. The amount of the check depends upon the date on which you may have been sent a pre-adverse action notice. |
| **EXCLUDE YOURSELF** | You remove yourself from participation in this class action and do not receive a benefit from this settlement. However, you retain any right to file a separate lawsuit. If you choose this option, it is important that you promptly speak to an attorney because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| **OBJECT** | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, and/or adequate. |

## BASIC INFORMATION

**WHY DID I GET THIS NOTICE?**

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge John A. Gibney, Jr., of the United States District Court for the Eastern District of Virginia, is overseeing this class action. The case is known as *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697.

**WHAT IS THIS LAWSUIT ABOUT?**

A class action lawsuit against Defendants Kmart Corporation and Sears Holdings Corporation has been filed in the United States District Court for the Eastern District of Virginia under the caption of *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697. The person who sued on behalf of the class is called the "Plaintiff," and the companies sued are called the "Defendants."

### Case Facts

The lawsuit alleges that certain policies and practices of Defendants in connection with their use of background checks in the hiring process are in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Specifically, the lawsuit contends that Defendants violated the FCRA by (1) failing to provide consumers with the most current version of the FCRA Summary of Rights before taking an adverse action against the consumer that was based in whole or in part on the background check; and (2) failing to provide consumers with the FCRA Summary of Rights and a copy of the applicable background check sufficiently far in advance of taking adverse action against the consumer that was based in whole or in part on the background check.

YOU ARE RECEIVING THIS NOTICE BECAUSE PLAINTIFF ALLEGES THAT KMART OR ANOTHER AFFILIATE OF SEARS TOOK ADVERSE EMPLOYMENT ACTION AGAINST YOU BUT DID NOT SEND YOU AN FCRA-COMPLIANT NOTICE PRIOR TO TAKING SUCH ADVERSE ACTION.

### How the Defendants Responded

Defendants have denied all allegations of wrongdoing asserted in the lawsuit and contend that they acted lawfully and in compliance with the FCRA at all times. Notwithstanding the denials of liability and alleged unlawful conduct, Defendants have decided it is in their best interest to settle the lawsuit to avoid the burden, expense, risk and uncertainty of continuing the litigation.

## WHO IS AFFECTED BY THE SETTLEMENT?

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

You are a member of the Settlement Class and are affected by the settlement because, according to the records of Defendants or their agents, you applied for a job with Kmart or another Sears Holdings Management Corporation affiliate and were sent a pre-adverse action notice that allegedly failed to comply with the FCRA.

Specifically, for the purposes of settlement only, the Court has provisionally certified a settlement class defined as follows:

> "Settlement Class" means all natural persons residing in the United States or its territories to whom, according to the records of Defendants or their agents, the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before September 28, 2012, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendants' attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

If you fall within the Settlement Class definition, you will be a Settlement Class Member unless you exclude yourself from the Settlement Class.

## WHAT BENEFITS ARE PROVIDED?

**WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to pay into a Settlement Fund for the benefit of the Settlement Class to settle the claims alleging that Defendants failed to provide you with a pre-adverse action notification that complied with the FCRA prior to taking adverse employment action against you. Payments will be made by check to each class member in the following approximate amounts:

> If a pre-adverse action notice was sent to you by Defendants' agent on or after October 17, 2009 but on or before September 28, 2012 – a gross amount of $59.00, with an expected net payment of $38.00;

> If a pre-adverse action notice was sent to you by Defendants' agent on or after October 17, 2006 but on or before October 16, 2009 – a gross amount of $29.50, with an expected net payment of $18.00;

Because the amount of each check to be issued is subject to *pro rata* deduction from the Settlement Fund for the class's share of notice and administration expenses, attorneys' fees and costs approved by the Court, and an incentive payment to the Plaintiff, the expected payment is the "net" amount stated above.

## HOW YOU GET SETTLEMENT BENEFITS

**HOW CAN I GET A BENEFIT?**

You do not need to do anything to receive the benefits of the settlement. If the settlement is finally approved, you will automatically receive a payment, unless you have excluded yourself from the Settlement Class. The check will be mailed to the address appearing in the records of Defendants or their agents. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at the bottom of this notice.

**WHEN WOULD I GET MY SETTLEMENT CHECK?**

The Court will hold a hearing on May 24, 2013 to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval. The progress of the settlement will be reported at the website http://www.SearsFCRAClassAction.com. Please be patient.

**WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?**

Unless you exclude yourself, you will be a Settlement Class Member, which means that you cannot be part of any other lawsuit about the legal claims in this case and certain other legal claims that could have been brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up by remaining in the class. Basically, you are releasing your right to individually sue for any violation of federal or state law relating to the FCRA provision at issue in this case and your right to bring any claims arising out of requirements imposed by the FCRA (or state equivalents) regarding any consumer report(s) furnished by HireRight Solutions.

The "Release" contained in the Settlement Agreement states:

> Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Named Plaintiff and each Settlement Classes Member who did not validly opt out of the Settlement and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as parens patriae) completely, finally and forever release and discharge the Released Parties of and from the Released Claims. Subject to the Court's approval, this Settlement Agreement shall bind all Settlement Classes Members and all of the Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if the Settlement Classes Member never received actual notice of the Settlement prior to the Final Approval Hearing. The Released Claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Released Parties for Released Claims, you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the settlement. Opting out gives you the right to bring your own lawsuit but may preclude you from participating in any future class action against Defendants (or other parties released by the settlement) and does not guarantee that your own lawsuit will be successful.

### HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

You may "opt out" or exclude yourself from the settlement as explained below.

REQUESTS FOR EXCLUSION THAT ARE NOT RECEIVED ON OR BEFORE MAY 3, 2013 WILL NOT BE HONORED.

You cannot exclude yourself on the phone or by email. You also cannot exclude yourself by mailing a request to any other location or after the deadline.

If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Pitt v. Kmart Corporation* case. Be sure to include: (1) the name of this lawsuit, Pitt v. Kmart Corporation, et al., Civil Action No. 3:11-cv-697; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is received no later than May 3, 2013, to:

> Exclusion Requests - *Pitt* Settlement Administrator
> Post Office Box ____
> Blue Bell, PA 19422

### IF I DO NOT EXCLUDE MYSELF CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue the Released Parties for the Released Claims. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* class action in order to continue your own lawsuit. Remember, May 3, 2013 is the deadline by which your Exclusion Request must be received by mail.

### IF I EXCLUDE MYSELF, CAN I GET ANY MONETARY BENEFIT FROM THE SETTLEMENT?

No.

## LAWYERS REPRESENTING YOU

### DO I HAVE A LAWYER IN THIS CASE?

Yes. The Plaintiff and class representative retained **Leonard A. Bennett** and **Matthew Erausquin** of Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1-A, Newport News, Virginia, 23601 and **Christopher Colt North** of The Consumer & Employee Rights Law Firm, 751-A Thimble Shoals Blvd. Newport News, VA 23606 to represent him. In connection with the preliminary approval of the settlement, the Court appointed these firms to represent you and the other Settlement Class Members. Together, the lawyers are called Class Counsel (or Settlement Class Counsel). You will not be separately charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees to be paid out of the Settlement Fund. Class Counsel may request up to 30% of the Settlement Fund, but the Court may ultimately award less than this amount. Class Counsel will also ask the Court to reimburse their costs and expenses incurred by them and by the class representative in litigating this case. The costs of this notice to you and the costs of administering the Settlement Fund are being paid out of the Settlement Fund and by Defendants as provided in the Settlement Agreement.

## IS THE CLASS REPRESENTATIVE ENTITLED TO A SEPARATE PAYMENT?

The class representative will ask the Court to approve a payment to the named Plaintiff of an amount not to exceed $5,000 as an incentive award for his efforts and time expended in prosecuting this case. However, the Court may ultimately award less than this amount.

## OBJECTING TO THE SETTLEMENT

## HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Pitt v. Kmart Corporation* case. Be sure to include (1) this lawsuit, *Pitt v. Kmart Corporation*, Civil Action No. 3:11-cv-697; (2) your full name, current address and telephone number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail these materials to these three different places so that they are received no later than May 3, 2013.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| **Clerk of the Court** | **Leonard A. Bennett** | **John C. Lynch** |
| United States District Court | Consumer Litigation Associates, P.C., | Troutman Sanders LLP |
| 701 East Broad Street | 763 J. Clyde Morris Blvd. Ste. 1-A | 222 Central Park Ave., Suite 2000 |
| Richmond, VA 23219 | Newport News, Virginia, 23601 | Virginia Beach, VA 23462 |

You also must file a statement with the Court that tells the Court the date that you mailed or delivered copies of these papers to Class Counsel and Defense Counsel.

There are additional requirements necessary for your attorney if you retain one. These are as stated in the Settlement Agreement and Preliminary Approval Order available at www.SearsFCRAClassAction.com.

**WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court plans to hold a Fairness Hearing on May 24, 2013, at 9:00am, in the Courtroom of the Hon. John A. Gibney, Jr., at the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, Virginia, 23219. If the time or place of this hearing changes, the changes will be reflected on the Court's docket. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and class representative shall be paid. After the hearing, the Court will decide whether to finally approve the settlement.

**DO I HAVE TO ATTEND THE HEARING?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**MAY I SPEAK AT THE HEARING?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Pitt v. Kmart Corporation* case." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses previously provided in section 14, and must be received by the Clerk of the Court by May 3, 2013. You cannot speak at the hearing if you have excluded yourself.

## GETTING MORE INFORMATION

**WHERE CAN I GET MORE DETAILS ABOUT THIS SETTLEMENT?**

This notice summarizes the proposed settlement. More details can be found on the settlement website at http://www.SearsFCRAClassAction.com, which includes the Settlement Agreement and other governing settlement documents.

**HOW DO I GET MORE INFORMATION?**

You can visit the website at http://www.SearsFCRAClassAction.com. If you have questions about the case, you can call 1-877-_____ or write to the Class Counsel, **Leonard A. Bennett** Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd. Ste. 1-A, Newport News, Virginia, 23606.

**PLEASE, DO NOT CALL THE COURT, THE CLERK OR THE DEFENDANTS REGARDING THIS SETTLEMENT.**

QUESTIONS? VISIT
WWW.SEARSFCRACLASSACTION.COM

**Exclusion Request – *Pitt* Settlement Administrator**
**Receive No Settlement Benefits**

**(If you choose this option, you will not receive a settlement check)**

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Pitt v. Kmart Corporation* case. Be sure to include: (1) the name of this lawsuit, *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature.

You must mail your Exclusion Request so that it is received no later than May 3, 2013, to:

> Exclusion Requests - *Pitt* Settlement Administrator
> Post Office Box ____
> Blue Bell, PA 19422

---------------------------------------------------------------------------------------------------------------------------

**Exclusion Request - *Pitt* Settlement Administrator**

     FILL OUT AND RETURN THIS FORM **ONLY** IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT.   IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A SETTLEMENT CHECK, **DO NOT** RETURN THIS FORM.

____   I am opting out of the Settlement in *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697.

Full name:   _____

Current address:   _____

                                     _____

                                     _____

Phone number:   _____

Last four digits of SSN:   _____

                                 _____
                                 Signature

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

ERIC DANTE PITT, for himself
And on behalf of all similarly situated
individuals,

       Plaintiff,

     v.

KMART CORPORATION,
A wholly owned subsidiary of Sears
Holdings Corporation,

and

SEARS HOLDINGS CORPORATION,

       Defendants.

Civil Action No. 3:11-cv-697

## JOINT MOTION FOR ENTRY OF ORDER GOVERNING USE AND DISCLOSURE OF CLASS MEMBER INFORMATION

In order to protect the privacy and interests of class members and to comply with 15 U.S.C. § 1681b(a)(1), Plaintiff and Defendants jointly move the Court pursuant to Rule 23(d)(1)(E) of the Federal Rules of Civil Procedure for entry of an Order governing the use of the class lists and class member information described in the proposed Settlement Agreement filed in this case. The proposed order attached as Exhibit A permits disclosure of such information to the Settlement Administrator in this case, *see* 15 U.S.C. § 1681b(a)(1), and limits further dissemination and use of this information.

*Dated:* _____

WE ASK FOR THIS:

_____

John C. Lynch
Virginia State Bar No. 39267
*Attorney for Kmart Corporation and Sears Holdings Corporation*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No.: (757) 687-7765
Facsimile No.: (757) 687-7515
Email: john.lynch@troutmansanders.com

_____

Leonard A. Bennett
Virginia State Bar No. 37523
*Attorney for Plaintiff*
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone No. (757) 930-3660
Facsimile No. (757) 930-3662
Email: lenbennett@clalegal.com

Christopher Colt North
Virginia State Bar No.: 16955
*Attorney for Plaintiff*
The Consumer and Employee Rights
Law Firm
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
cnorthlaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of _____, 201_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Christopher Colt North
The Consumer and Employee Rights Law Firm
751-A Thimble Shoals Blvd.
Newport News, VA 23606
cnorthlaw@aol.com

Leonard A. Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, Virginia 23601
Email: lenbennett@cox.net

/s/ John C. Lynch
John C. Lynch
Virginia State Bar No. 39267
*Attorney for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email:  john.lynch@troutmansanders.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

ERIC DANTE PITT, for himself
And on behalf of all similarly situated
individuals,

       Plaintiff,

    v.

KMART CORPORATION,
A wholly owned subsidiary of Sears
Holdings Corporation,

and

SEARS HOLDINGS CORPORATION,

       Defendants.

Civil Action No. 3:11-cv-697

## ORDER GOVERNING USE AND DISCLOSURE OF CLASS MEMBER INFORMATION

      WHEREAS Plaintiff has filed a Motion for Preliminary Approval and proposed

Settlement Agreement with the Court;

      WHEREAS Section 4.2.1 of the proposed Settlement Agreement requires the Settlement

Administrator to cause Mail Notice to be sent to each proposed Settlement Class Member within

thirty (30) days following Preliminary Approval; and

      WHEREAS the proposed Settlement Agreement requires the Settlement Administrator to

send additional notices to the Settlement Class Members and to carry out other functions that

may require communication with the Settlement Class Members in order to effectuate the Settlement.

IT IS HEREBY ORDERED THAT:

1.     Defendants shall provide the Settlement Administrator with the class list and consumer information described in Subsections 4.1.1 – 4.1.2 of the proposed Settlement Agreement (the "Class List and Class Member Information").

2.     The Settlement Administrator and its employees and agents are authorized to use the Class List and Class Member Information for the purposes set forth in this Order but shall protect this information as confidential and shall not disclose such information to any person or entity except as authorized by Court order.

3.     The Class List and Class Member Information shall not be used for any purpose other than for effectuating or enforcing the Settlement Agreement.

4.     The Settlement Administrator is authorized to share the Class List and Class Member Information with the Settlement Class Counsel and with counsel for Defendants and the other Released Parties for the purposes set forth in this Order.

5.     For the purpose of certifying that a consumer who has filed or has threatened to file subsequent litigation against any of the Released Parties appears on the class list described in the Settlement Agreement in *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697 (E.D. Va.), the Settlement Administrator shall retain the Class List and Class Member Information for five years after the final Payment Notice is mailed.

6.     Within fourteen days after the final Payment Notice is mailed, any person other than Settlement Class Counsel, with whom the Settlement Administrator has shared information

under this Order shall return that information to Defendants' Counsel or certify in writing that it has been destroyed.

7.     Within one year after the final Payment Notice is mailed, Settlement Class Counsel with whom the Settlement Administrator has shared information under this Order shall return that information to Defendants' Counsel or certify in writing that it has been destroyed.

8.     The Settlement Administrator shall be permitted to obtain and use an appropriate and industry recognized "skip-tracing" database in order to carry out its duties under the Settlement Agreement.  Pursuant to 15 U.S.C. § 1681b(a)(1), the Court finds that there is a permissible purpose for the use of information that may be otherwise governed by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Such information shall be retained as "Confidential" under the governance of the Court's Stipulated Protective Order entered July 9, 2012 (Docket # 28).

IT IS SO ORDERED.

Dated: _____     _____
                                  UNITED STATES DISTRICT JUDGE