UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



ERIC DANTE PITT, for himself
And on behalf of all similarly situated
individuals,

    Plaintiff,

v.

KMART CORPORATION,
A wholly owned subsidiary of Sears
Holdings Corporation,

and

SEARS HOLDINGS CORPORATION,

    Defendants.

Civil Action No. 3:11-cv-697

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the Parties to this action, Eric Dante Pitt (hereinafter referred to as "Plaintiff"), and defendants Kmart Corporation and Sears Holdings Corporation (hereinafter collectively referred to as "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in the Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on May 24, 2013, after notice to the proposed Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this lawsuit:

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the lawsuit and over all settling Parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (herein referred to as the "Settlement Class Members") with respect to the claims asserted in the lawsuit:

> Settlement Class – all natural persons residing in the United States or its territories to whom, according to the records of Defendants or their agents, the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before September 28, 2012, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendants' attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

3. There are approximately **64,506** Settlement Class Members. Approximately 37,152 Settlement Class Members were sent a notice described in 15 U.S.C. § 1681b(b)(3) on or after October 17, 2009 but on or before September 28, 2012. Approximately **27,354** Settlement Class Members were sent a notice described in 15 U.S.C. § 1681b(b)(3) on or after October 17, 2006 but on or before October 16, 2009.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Eric Dante Pitt as the class representative and preliminarily appoints Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C., as Class Counsel.

5. **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   A. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

   C. The claims of the class representative are typical of the claims of the Settlement Class Members;

   D. The class representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

   E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court preliminarily finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the

3

Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

7. **THIRD-PARTY CLASS ACTION ADMINISTRATOR** – Class Counsel shall retain McGladrey LLP as the Settlement Administrator to oversee the administration of the settlement and the notification to proposed Settlement Class Members. Notice and Administration Expenses shall be paid in accordance with Section 7.5 of the Agreement. The Settlement Administrator will be responsible for mailing the approved class action notices to the proposed Settlement Class Members and, if the Settlement receives final approval from this Court, will be responsible for mailing the settlement checks to the Settlement Class Members. The settlement checks shall issue from the Settlement Fund only, and the Settlement Administrator will verify that the settlement checks were mailed.

8. **CREATION OF AND DEPOSIT INTO SETTLEMENT FUND** – Within five days of entry of this order, Class Counsel shall establish an escrow account or equivalent account approved by Defendants at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the lawsuit. Class Counsel and Defendants' Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with the Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written confirmation from both Class Counsel and Defendants' Counsel. Class Counsel shall promptly notify Defendants' Counsel of the date of the establishment of the Settlement Fund account. Within ten (10) business days following Preliminary Approval, Defendants shall deposit or cause to be deposited by their

insurers and/or indemnitors with the Financial Institution, by draft or by wire, the aggregate amount of three million dollars ($3,000,000). The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned if any on the Settlement Fund shall be for the benefit of the Settlement Class in the event the Agreement is not terminated by the Defendants and the Effective Date otherwise occurs.

9. **NOTICE** – The Court approves the form and substance of the written notice of class action settlement, attached to the Agreement as Exhibit B. The proposed form and method for notifying the proposed Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed written notice is clearly designed to advise the proposed Settlement Class Members of their rights. In accordance with the Agreement, the Settlement Administrator shall cause the Mail Notices to be mailed to the Settlement Class Members as expeditiously as possible, but in no event later than thirty (30) days following entry of this preliminary order. Additionally, the Settlement Administrator shall maintain a toll-free number and an internet website that will (1) enable proposed Settlement Class Members to access and download the Agreement, Mail Notice, this order, and other relevant orders of this Court; and (2) display contact information for Class Counsel and the Settlement Administrator. Any language or information appearing on the website in addition to the Agreement, Mail Notice, relevant orders of the Court, and contact information for Class Counsel and the Settlement Administrator shall appear only with the prior consent of all Parties.

10. **EXCLUSIONS** – Any proposed Settlement Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than twenty-one (21) days before the Final Approval Hearing. To be effective, the written request for exclusion must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. Any proposed Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

11. **OBJECTIONS** – Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Notices, may do so by filing with the Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Class Counsel and Defendants' Counsel at the addresses provided in the Mail Notice. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Objections to Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set forth in

the schedule below and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Class members who file exclusions may not object to the settlement.

12. **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") on May 24, 2013, at 701 East Broad Street, Richmond, VA 23219, commencing at 9:00 A.M., to review and rule upon the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

   C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

   D. To discuss and review other issues as the Court deems appropriate.

13. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

14. Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as application for a class representative incentive award, shall be filed with the Court *no later than May 10, 2013*. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court *no later than May 14, 2013*. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date *on or before May 17, 2013*.

15. The Agreement and this order shall be null and void if any of the following occur:

   A. The Agreement is terminated or any specified material condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

   B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and the Parties fail to consent to the entry of another form of order in lieu thereof;

   C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

   D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. If the Agreement and/or this order are voided per ¶ 17 of this order:

   A. The class-certification portions of the Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

8

B. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Agreement set aside, withdrawn, and stricken from the record;

C. The Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

D. The Parties shall stand in the same procedural position as if the Agreement had not been negotiated, made, or filed with the Court.

17. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

18. The Court sets the following schedule:

| Date | Event |
|---|---|
| 30 days after entry of Preliminary Approval Order | Deadline to Send Mail Notices |
| May 3, 2013 | Deadline to Send Exclusion Request or to File Objection |
| May 10, 2013 | Deadline to Apply for Attorneys' Fees/ Incentive Award |
| May 10, 2013 | Deadline for Objectors' Lawyers to File Notices of Appearance for Final Fairness Hearing |
| May 14, 2013 | Deadline to File Motion for Final Approval |
| May 24, 2013 | Final Fairness Hearing |

IT IS SO ORDERED.

DATED: 2/4/13

/s/
John A. Gibney, Jr.
United States District Judge