

Jamie S. Miller
208 Branch St
Morganton NC 28655

Clerk of court
US District Court
701 E. Broad St
Richmond, VA
23219

RE: Pitt v. Kmart Corp. Case Civil Action No. 3:11-cv-697

To whom this concerns:

Im not good with legality and not sure exactly how to put this is writing to you but, I was denied employment with Kmart between these dates not once but twice. The first time they didn't call or send anything to tell me my application for hire was denied. When I called about a month after filling out the application to check on it. Human Resources told me that my application had been denied due to my background history. The only thing on my background history is a dropped charge of assault. I had gotten into a fight with a male friend of mine over ten years ago. The lady then proceeded to have me come fill out another application and she would resubmit with this info on it. When it came back I was hired and they told me to start that following week. Two days before I was suppose to come in for training, they called me over the phone and said that they couldn't hire me because of the background check. Not one of these times did I receive a letter stating this for my records. This is my statement for this case. Thank you.

Jamie Shawn Miller

208 Branch St.

Morganton NC 28655

828-430-0173



## 14. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Pitt v. Kmart Corporation* case. Be sure to include (1) the name of this lawsuit, Pitt v. Kmart Corporation, Civil Action No. 3:11-cv-697; (2) your full name, current address and telephone number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail these materials to these three different places so that they are received no later than May 3, 2013.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard A. Bennett<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd., Ste. 1-A<br>Newport News, VA 23601 | John C. Lynch<br>Troutman Sanders LLP<br>222 Central Park Ave., Suite 2000<br>Virginia Beach, VA 23462 |

You also must file a statement with the Court that tells the Court the date that you mailed or delivered copies of these papers to Class Counsel and Defense Counsel.

There are additional requirements necessary for your attorney if you retain one. These are as stated in the <u>Settlement Agreement</u> and <u>Preliminary Approval Order</u>.

*A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

―――――――――――――――――――――― X
ERIC DANTE PITT, *et al*,
for himself and on behalf of all
similarly situated individuals,

    Plaintiff,

v.                              CIVIL ACTION NO. 3:11-cv-697

KMART CORPORATION,
a wholly owned subsidiary of Sears
Holdings Corporation,
and
SEARS HOLDINGS CORPORATION,

    Defendants.
―――――――――――――――――――――― X

## NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU APPLIED FOR A JOB WITH SEARS, KMART CORPORATION OR ANY OTHER SEARS AFFILIATE AND WERE THE SUBJECT OF A BACKGROUND CHECK THAT MAY HAVE BEEN USED TO MAKE AN ADVERSE EMPLOYMENT DECISION, ON OR AFTER OCTOBER 17, 2006 AND ON OR BEFORE SEPTEMBER 28, 2012, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT**

A settlement has been proposed in a class action lawsuit against Kmart Corporation and Sears Holdings Corporation on behalf of consumers who on or after October 17, 2006 but on or before September 28, 2012 were the subject of a background check that may have been used to make an adverse employment decision. You may have been sent a letter with a copy of the background check on behalf of Kmart or any other Sears affiliate ("Pre-adverse action notice") that is alleged not to comply with the Fair Credit Reporting Act (FCRA).

| Your Legal Rights And Options In This Settlement: | |
|---|---|
| **DO NOTHING** | If the Court approves the settlement, a check in an amount between approximately $18.00 and $38.00 will be mailed to you. The amount of the check depends upon the date on which you may have been sent a pre-adverse action notice. |
| **EXCLUDE YOURSELF** | You remove yourself from participation in this class action and do not receive a benefit from this settlement. However, you retain any right to file a separate lawsuit. If you choose this option, it is important that you promptly speak to an attorney because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| **OBJECT** | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, and/or adequate. |

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

# BASIC INFORMATION

### 1. Why Did I Get This Notice?

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge John A. Gibney, Jr., of the United States District Court for the Eastern District of Virginia, is overseeing this class action. The case is known as *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697.

### 2. What Is This Lawsuit About?

A class action lawsuit against Defendants Kmart Corporation and Sears Holdings Corporation has been filed in the United States District Court for the Eastern District of Virginia under the caption of *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697. The person who sued on behalf of the class is called the "Plaintiff," and the companies sued are called the "Defendants."

*Case Facts*

The lawsuit alleges that certain policies and practices of Defendants in connection with their use of background checks in the hiring process are in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Specifically, the lawsuit contends that Defendants violated the FCRA by (1) failing to provide consumers with the most current version of the FCRA Summary of Rights before taking an adverse action against the consumer that was based in whole or in part on the background check; and (2) failing to provide consumers with the FCRA Summary of Rights and a copy of the applicable background check sufficiently far in advance of taking adverse action against the consumer that was based in whole or in part on the background check.

YOU ARE RECEIVING THIS NOTICE BECAUSE PLAINTIFF ALLEGES THAT KMART OR ANOTHER AFFILIATE OF SEARS TOOK ADVERSE EMPLOYMENT ACTION AGAINST YOU BUT DID NOT SEND YOU AN FCRA-COMPLIANT NOTICE PRIOR TO TAKING SUCH ADVERSE ACTION.

*How the Defendants Responded*

Defendants have denied all allegations of wrongdoing asserted in the lawsuit and contend that they acted lawfully and in compliance with the FCRA at all times. Notwithstanding the denials of liability and alleged unlawful conduct, Defendants have decided it is in their best interest to settle the lawsuit to avoid the burden, expense, risk and uncertainty of continuing the litigation.

# WHO IS AFFECTED BY THE SETTLEMENT?

### 3. How Do I Know If I Am Affected By The Settlement?

You are a member of the Settlement Class and are affected by the settlement because, according to the records of Defendants or their agents, you applied for a job with Kmart or another Sears Holdings Management Corporation affiliate and were sent a pre-adverse action notice that allegedly failed to comply with the FCRA.

Specifically, for the purposes of settlement only, the Court has provisionally certified a settlement class defined as follows:

> "Settlement Class" means all natural persons residing in the United States or its territories to whom, according to the records of Defendants or their agents, the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before September 28, 2012, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendants' attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

If you fall within the Settlement Class definition, you will be a Settlement Class Member unless you exclude yourself from the Settlement Class.

## WHAT BENEFITS ARE PROVIDED?

### 4. WHAT DOES THE SETTLEMENT PROVIDE?

Defendants have agreed to pay into a Settlement Fund for the benefit of the Settlement Class to settle the claims alleging that Defendants failed to provide you with a pre-adverse action notification that complied with the FCRA prior to taking adverse employment action against you. Payments will be made by check to each class member in the following approximate amounts:

> If a pre-adverse action notice was sent to you by Defendants' agent on or after October 17, 2009 but on or before September 28, 2012 – a gross amount of $59.00, with an expected net payment of $38.00;

> If a pre-adverse action notice was sent to you by Defendants' agent on or after October 17, 2006 but on or before October 16, 2009 – a gross amount of $29.50, with an expected net payment of $18.00;

Because the amount of each check to be issued is subject to *pro rata* deduction from the Settlement Fund for the class's share of notice and administration expenses, attorneys' fees and costs approved by the Court, and an incentive payment to the Plaintiff, the expected payment is the "net" amount stated above.

## HOW YOU GET SETTLEMENT BENEFITS

### 5. HOW CAN I GET A BENEFIT?

You do not need to do anything to receive the benefits of the settlement. If the settlement is finally approved, you will automatically receive a payment, unless you have excluded yourself from the Settlement Class. The check will be mailed to the address appearing in the records of Defendants or their agents. If your address has changed or is changing, you may contact the Settlement Administrator at *Pitt* Settlement Administrator, P.O. Box 1367, Blue Bell, PA 19422.

### 6. WHEN WOULD I GET MY SETTLEMENT CHECK?

The Court will hold a hearing on May 24, 2013 to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval. The progress of the settlement will be reported at the website www.SearsFCRAClassAction.com. Please be patient.

### 7. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you will be a Settlement Class Member, which means that you cannot be part of any other lawsuit about the legal claims in this case and certain other legal claims that could have been brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up by remaining in the class. Basically, you are releasing your right to individually sue for any violation of federal or state law relating to the FCRA provision at issue in this case and your right to bring any claims arising out of requirements imposed by the FCRA (or state equivalents) regarding any consumer report(s) furnished by HireRight Solutions.

The "Release" contained in the Settlement Agreement states:

> Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Named Plaintiff and each Settlement Classes Member who did not validly opt out of the Settlement and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives,

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as parens patriae) completely, finally and forever release and discharge the Released Parties of and from the Released Claims. Subject to the Court's approval, this Settlement Agreement shall bind all Settlement Classes Members and all of the Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if the Settlement Classes Member never received actual notice of the Settlement prior to the Final Approval Hearing. The Released Claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Released Parties for Released Claims, you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the settlement. Opting out gives you the right to bring your own lawsuit but may preclude you from participating in any future class action against Defendants (or other parties released by the settlement) and does not guarantee that your own lawsuit will be successful.

### 8. How Do I Exclude Myself From The Settlement?

You may "opt out" or exclude yourself from the settlement as explained below.

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE MAY 3, 2013 WILL NOT BE HONORED.

You cannot exclude yourself on the phone or by email. You also cannot exclude yourself by mailing a request to any other location or after the deadline.

If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

To exclude yourself from the settlement, you must complete the Exclusion Request form that appears on page 7 of this Notice, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Pitt v. Kmart Corporation* case. Be sure to include: (1) the name of this lawsuit, Pitt v. Kmart Corporation, et al., Civil Action No. 3:11-cv-697; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than May 3, 2013, to:

> Exclusion Requests – *Pitt* Settlement Administrator
> P.O. Box 1367
> Blue Bell, PA 19422

### 9. If I Do Not Exclude Myself Can I Sue Defendants For The Same Thing Later?

No. Unless you exclude yourself, you give up the right to sue the Released Parties for the Released Claims. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* class action in order to continue your own lawsuit. Remember, May 3, 2013 is the deadline by which your Exclusion Request must be postmarked.

### 10. If I Exclude Myself, Can I Get Any Monetary Benefit From The Settlement?

No.

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

## LAWYERS REPRESENTING YOU

### 11. Do I Have A Lawyer In This Case?

Yes. The Plaintiff and class representative retained **Leonard A. Bennett** and **Matthew Erausquin** of Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1-A, Newport News, Virginia 23601 and **Christopher Colt North** of The Consumer & Employee Rights Law Firm, 751-A Thimble Shoals Blvd., Newport News, Virginia 23606 to represent him. In connection with the preliminary approval of the settlement, the Court appointed these firms to represent you and the other Settlement Class Members. Together, the lawyers are called Class Counsel (or Settlement Class Counsel). You will not be separately charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How Will The Lawyers Be Paid?

Class Counsel will ask the Court for an award of attorneys' fees to be paid out of the Settlement Fund. Class Counsel may request up to 30% of the Settlement Fund, but the Court may ultimately award less than this amount. Class Counsel will also ask the Court to reimburse their costs and expenses incurred by them and by the class representative in litigating this case. The costs of this notice to you and the costs of administering the Settlement Fund are being paid out of the Settlement Fund and by Defendants as provided in the Settlement Agreement.

### 13. Is The Class Representative Entitled To A Separate Payment?

The class representative will ask the Court to approve a payment to the named Plaintiff of an amount not to exceed $5,000 as an incentive award for his efforts and time expended in prosecuting this case. However, the Court may ultimately award less than this amount.

## OBJECTING TO THE SETTLEMENT

### 14. How Do I Tell The Court That I Do Not Like The Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Pitt v. Kmart Corporation* case. Be sure to include (1) the name of this lawsuit, *Pitt v. Kmart Corporation*, Civil Action No. 3:11-cv-697; (2) your full name, current address and telephone number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail these materials to these three different places so that they are received no later than May 3, 2013.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard A. Bennett<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd., Ste. 1-A<br>Newport News, VA 23601 | John C. Lynch<br>Troutman Sanders LLP<br>222 Central Park Ave., Suite 2000<br>Virginia Beach, VA 23462 |

[...] a statement with the Court that tells the Court the date that you mailed or delivered copies of these [...] Counsel and Defense Counsel.

[...] additional requirements necessary for your attorney if you retain one. These are as stated in the Settlement [...] and Preliminary Approval Order available at www.SearsFCRAClassAction.com.

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

### 15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

### 16. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court plans to hold a Fairness Hearing on May 24, 2013, at 9:00am, in the Courtroom of the Hon. John A. Gibney, Jr., at the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, Virginia 23219. If the time or place of this hearing changes, the changes will be reflected on the Court's docket. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and class representative shall be paid. After the hearing, the Court will decide whether to finally approve the settlement.

### 17. DO I HAVE TO ATTEND THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 18. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Pitt v. Kmart Corporation* case." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses previously provided in section 14, and must be received by the Clerk of the Court by May 3, 2013. You cannot speak at the hearing if you have excluded yourself.

## GETTING MORE INFORMATION

### 19. WHERE CAN I GET MORE DETAILS ABOUT THIS SETTLEMENT?

This notice summarizes the proposed settlement. More details can be found on the settlement website at www.SearsFCRAClassAction.com, which includes the Settlement Agreement and other governing settlement documents.

### 20. HOW DO I GET MORE INFORMATION?

You can visit the website at www.SearsFCRAClassAction.com. If you have questions about the case, you can call 1-866-752-0069 or write to the Class Counsel, **Leonard A. Bennett**, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Ste. 1-A, Newport News, Virginia 23606.

**PLEASE, DO NOT CALL THE COURT, THE CLERK OR THE DEFENDANTS REGARDING THIS SETTLEMENT.**

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

## Exclusion Request – *Pitt* Settlement Administrator
## Receive No Settlement Benefits

### (If you choose this option, you will not receive a settlement check)

To exclude yourself from the settlement, you must complete the Exclusion Request form *below*, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Pitt v. Kmart Corporation* case. Be sure to include: (1) the name of this lawsuit, *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature.

You must mail your Exclusion Request so that it is postmarked no later than May 3, 2013, to:

> Exclusion Requests – *Pitt* Settlement Administrator
> P.O. Box 1367
> Blue Bell, PA 19422

---

### Exclusion Request – *Pitt* Settlement Administrator

FILL OUT AND RETURN THIS FORM **ONLY** IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A SETTLEMENT CHECK, **DO NOT** RETURN THIS FORM.

____ I am opting out of the Settlement in *Pitt v. Kmart Corporation, et al.*, Civil Action No. 3:11-cv-697.

Full name: _____

Current address: _____

_____

_____

Phone number: _____

Last four digits of SSN: _____

_____
Signature

QUESTIONS? CALL 1-866-752-0069 TOLL FREE, OR VISIT WWW.SEARSFCRACLASSACTION.COM

7

*Pitt v. Kmart Corporation, et al.,*
Settlement Administrator
P.O. Box 1367
Blue Bell, PA 19422

> PRESORTED
> FIRST-CLASS MAIL
> U.S. POSTAGE PAID
> PEARL PRESSMAN LIBERTY
> COMMUNICATIONS GROUP

**IMPORTANT LEGAL INFORMATION**

16735



**********AUTO**ALL FOR AADC 270
JAMIE S MILLER
208 BRANCH ST
MORGANTON NC 28655-2711