TO: CLERK OF THE COURT,
    UNITED STATES DISTRIC COURT
    701 EAST BROAD STREET
    RICHMOND, VA 23219

FROM: CURTIS L. WESTBROOK, SETTLEMENT CLASS MEMBER
    1113 E. 6TH STREET
    MUNCIE, IN 47302
    765.215.8622 (CELL) – 765.284.8009 (HOME)

3:11cv697

RE: OBJECTION TO THE SETTLEMENT IN THE PITT v. KMART CORPORATION CASE

DATE: APRIL 26, 2013


Dear Clerk,

Please accept this letter in objection to the proposed settlement in the Pitt v. Kmart Corporation case. I am in opposition to the settlement for the following reasons:

1) I was a former Sears employee (with good standing at the time), and applied for employment with Sears in the Muncie Indiana Mall Store (02570) beginning in December 2010 and again in March of 2011. The signs on the entrance doors read "Now Hiring" (even as they do now). I applied and was eventually interviewed and offered a position in the Muncie Store as a Sales Associate. In the later part of May 2011 (after several inquiries as to when I would be hired), HR manager Pam Profit told me they were doing "a background check" and stated to me that she would contact me as soon as she heard anything". In the later part of May 2011, Pam contacted me and instructed me to submit a criminal background statement detailing my criminal history at the request of the "Regional Office". On June 3, 2011 I complied. After several months of being told by Mrs. Profit "I am waiting on the Regional Office to give me the hire sign", I waited up until October 2011 before applying again. I then gave up even though Sears was constantly hiring new people.
2) In 2012, I again applied for employment on at least 4 or 5 occasions with no luck in becoming employed despite the "Now Hiring signs" still posted on the doors. After several inquiries again concerning being hired, I was told to submit another criminal background history detail. I then changed the date on the previous limited history I had submitted the year before. In December 2012, I was finally hired. During the hiring process, I received the Class Action Lawsuit Notice and found out that it was not my criminal background that was preventing my rehire, but my credit score. Here it was all this time I thought it was my limited criminal history (which had not changed since I last worked for Sears in 1998), and was made to believe it was because of such by Sears Muncie, when all alone it was not. I object to the proposed settlement because I was denied employment in which I was qualified for and missed out on practically two years



1

Case 3:11-cv-00697-JAG-MHL Document 68 Filed 05/01/13 Page 2 of 2 PageID# 604

of wages to be earned. Likewise, an associate that was hired during time I had applied is now the Home Improvement Manager (she began as a cashier) and has less education, experience and training than I have. I could have been a candidate for the position if I had not been discriminated against because of my credit rating.

3) Thirdly, credit ratings are not an indicator of the trustworthiness of employees. It is documented that many employees that have been on their jobs for years and have been guilty of theft of funds, materials and products from their employer. Just because someone is poor and/or has bad credit and bankruptcies, this not reason to discriminate, deny and withhold employment opportunities from us that could improve the indigent conditions of our lives.
4) I believe the conduct of Kmart/Sears is far more worthy than $59.00. The sale one $600.00 treadmill, an accessory floor mat and a 3 years protection agreement equals in one commission sale than the amount proposed by the present settlement offer. . . **NO THANKS. I'VE BEEN DENIED FAR MORE!**
5) In the termination of my long awaited recent employment with Sears that ended on April 3, 2013, It is documented that the Store Manager had been changing the work schedule after the Friday deadline and didn't bother to inform the affected employees or my immediate supervisor, resulting in tardiness, missed shifts, write-ups and as with me termination for attendance issues relative to documented unknown schedule changes by the Store Manager Meagan Flowers and verified by HR Pam Profit.

In closing, **I would like to speak at the hearing May 24, 2013 at 9:00am in Virginia, however I am not sure I can afford it. Please include me as a speaker. I will confirm by May 10, 2013.**

Sincerely,

*Curtis L. Westbrook*
Curtis L. Westbrook
1113 E. Sixth Street
Muncie, IN 47302
765.215.8622 (Cell) - 765.284.8009 (Home)

CC: Leonard A. Bennett – Class Counsel
    Consumer Litigation Associates, P.C.
    763 J. Clyde Morris Blvd. Ste. 1-A
    Newport News, VA 23601

John C. Lynch – Defense Counsel
Troutman Sanders LLP
222 Central Park Ave. Suite 2000
Virginia Beach, VA 23462