

FILED

MAY 2 4 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

ERIC DANTE PITT, for himself
And on behalf of all similarly situated
individuals,

       Plaintiff,

    v.

KMART CORPORATION,
A wholly owned subsidiary of Sears
Holdings Corporation,

and

SEARS HOLDINGS CORPORATION,

       Defendants.

Civil Action No. 3:11-cv-697

## FINAL ORDER AND JUDGMENT

On October 17, 2011, Plaintiff Eric Dante Pitt commenced the lawsuit styled *Pitt v. Kmart Corporation* in the United States District Court for the Eastern District of Virginia, Civil Action No: 3:11-cv-697, alleging that Kmart Corporation willfully failed to comply with 15 U.S.C. § 1681b(b)(2) prior to obtaining a consumer report about him for employment purposes and willfully failed to comply with 15 U.S.C. § 1681b(b)(3) prior to taking adverse employment action against him.

On March 16, 2012, Plaintiff filed an Amended Class Complaint, which added Sears Holdings Corporation as a defendant.

1

On April 24, 2012, the Court entered an agreed order dismissing with prejudice the claims asserted under 15 U.S.C. § 1681b(b)(2).

On October 31, 2012, Plaintiff filed a Second Amended Class Complaint.

On May 8, 2012 and November 21, 2012, Defendants answered the Amended Class Complaint and the Second Amended Class Complaint, respectively, in each case denying the allegations therein, denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting affirmative defenses.

After undertaking substantial investigation and discovery and engaging in arms-length, contentious, lengthy, and complicated negotiations with the assistance of a private mediator, Plaintiff and Defendants (hereinafter jointly referred to as the "Parties") entered into a Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On January 25, 2013, Plaintiff filed the Agreement, along with a consent Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia.

On February 4, 2013 upon consideration of the Agreement, the Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Settlement Class

Members") with respect to the claims asserted in the lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) appointed Plaintiff Eric Dante Pitt as the class representative; (iv) appointed as Class Counsel Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.; and, (v) set the date and time of the Final Fairness Hearing.

On May 10, 2013, Plaintiff filed an Uncontested Motion for Final Approval of Class Settlement, and an Award of Incentive Payment and Attorneys' Fees, along with a supporting memorandum (hereinafter referred to as "Plaintiff's Final Approval Motion").

On May 14, 2013, Plaintiff and Defendants each filed a Memorandum in Support of Final Approval.

On May 24, 2013, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the applicable requirements for class action treatment were satisfied and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the Settlement under Fed. R. Civ. P. 23(e).

The Court has read and considered the Agreement, Plaintiff's Final Approval Motion and other associated papers in the record, including but not limited to each of the objections filed by class members. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **JURISDICTION** – The Court has jurisdiction over the subject matter of this lawsuit and over all settling Parties.

3

2.    **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (herein referred to as the "Settlement Class Members") with respect to the claims asserted in the lawsuit:

> Settlement Class – all natural persons residing in the United States or its territories to whom, according to the records of Defendants or their agents, the notice described in 15 U.S.C. § 1681b(b)(3) was sent by Defendants' agent on behalf of Sears Holdings Management Corporation or any of its affiliates on or after October 17, 2006 but on or before September 28, 2012, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendants' attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

3.    There are approximately **64,506** Settlement Class Members. Approximately **37,152** Settlement Class Members were sent a notice described in 15 U.S.C. § 1681b(b)(3) *for claims arising* on or after October 17, 2009 but on or before September 28, 2012. Approximately **27,354** Settlement Class Members were sent a notice described in 15 U.S.C. § 1681b(b)(3) *for claims arising* on or after October 17, 2006 but on or before October 16, 2009.

4.    **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Eric Dante Pitt as the class representative and appoints Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C., as Class Counsel.

5.    **NOTICES** – Pursuant to the Court's Preliminary Approval Order, the approved Mail Notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the

notices were clearly designed to advise the Settlement Class Members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and Settlement set forth in Fed. R. Civ. P. 23(c)(2)(B).

6.     **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court finds that:

A.     The Settlement Class Members are so numerous that joinder of all of them is impracticable;

B.     There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C.     The claims of the class representative are typical of the claims of the Settlement Class Members;

D.     The class representative and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.     **FAIRNESS OF SETTLEMENT** – The Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible

appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

8.    **SETTLEMENT TERMS** – The Agreement (which was filed on January 25, 2013, Docket No. 55-1, and shall be deemed incorporated herein) and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Agreement include, but are not limited to, the following:

A.    Each Settlement Class Member who appears on the Two-Year Settlement Class list shall be paid from the Settlement Fund the gross amount of fifty-nine dollars (**$59.00**), which is subject to *pro rata* reduction for attorneys' fees and any incentive award approved by the Court, as well as funds withheld for notice and administration pursuant to Subsection 7.5.2 of the Agreement;

B.    Each Settlement Classes Member who appears on the Five-Year Settlement Class list shall be paid from the Settlement Fund the gross amount of twenty-nine dollars and fifty cents (**$29.50**), which is subject to *pro rata* reduction for attorneys' fees and any incentive award approved by the Court, as well as funds withheld for notice and administration pursuant to Subsection 7.5.2 of the Agreement;

C.    Plaintiff and Class Counsel have moved for an Incentive Award for the class representative in the amount of five thousand dollars (**$5,000.00**).  The Court awards the class representative ~~five thousand~~ 5,000 dollars ($ 5,000 .00), which shall be paid within five days after the Effective Date in accordance with Section 7.2.3

6

of the Agreement;

D.     Defendants have deposited or caused to be deposited by their insurers and/or

indemnitors cash in the amount of three million dollars (**$3,000,000**) to the Settlement Fund for

the combined settlement payments, notice and administration expenses (to the extent set forth in

Section 7.5 of the Agreement), attorneys' fees, and incentive awards. The Settlement Fund shall

be the sole source of payment for these items. Any excess funds remaining in the Settlement

Fund after all distributions and reimbursements have been made in accordance with the

Agreement shall first be used to update address of class members, if required in the judgment of

the Class Administrator, and then to be donated to the Peninsula Community Foundation of

Virginia.

E.     Plaintiff and Class Counsel have moved for an award of attorneys' fees (including

costs and expenses) in the amount of Nine hundred thousand dollars

($900,000.00), which constitutes Thirty percent (30%) of the Settlement Fund.

The Court awards attorneys' fees (including costs and expenses) in the amount of

*Nine hundred thousand* dollars ($ *900,000* ), which constitutes *30* percent (*30*%) *A.I*

of the total settlement cash value and shall be paid within five days after the

Effective Date in accordance with Section 7.2.2 of the Agreement.

9.     **OBJECTIONS AND EXCLUSIONS** – The Settlement Class Members were

given an opportunity to object to the settlement. Five (5) Settlement Class Members timely

objected to the settlement. The Court has carefully considered all the objections and finds that

they are without merit.

The Class Members who made valid and timely requests for exclusion are excluded from the Settlement Class and Settlement and are not bound by this Order. The identities of such persons are set forth in Exhibit A, attached hereto.

10.  **ORDER BINDING** – This order is binding on all Settlement Class Members, except those individuals identified in Exhibit A hereto (who validly and timely excluded themselves from the class).

11.  **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The class representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

12.  **FINAL JUDGMENT** – The Clerk of Court is directed to enter final judgment dismissing the lawsuit with prejudice.

13.  This Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14.  The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the lawsuits and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

IT IS SO ORDERED.

DATED:  5/24/13

/s/

John A. Gibney, Jr.
United States District Judge

8

JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT COURT JUDGE

## Pitt v. Kmart Corporation Exclusion List

| ID # | Class | Name |
|------|-------|------|
| 1180 | Five-Year | SAMUEL BAL |
| 1695 | Five-Year | THELMA BEETS |
| 2115 | Five-Year | GINGER BITTMAN |
| 10474 | Five-Year | MELANIE HAROLD |
| 16161 | Five-Year | ELROD MCGOWANS |
| 25595 | Five-Year | THOMAS WASHINGTON |
| 26322 | Five-Year | HAROLYN WILLIAMS |
| 27625 | Two-Year | EDWARD AGUILAR |
| 30830 | Two-Year | ANTOINE BOSTON |
| 30980 | Two-Year | DONALD BOYD |
| 31522 | Two-Year | ATLAS BROWN |
| 32055 | Two-Year | JAMES BULLOCK |
| 32820 | Two-Year | RANDALL CANTER |
| 33372 | Two-Year | RONALD CEASAR |
| 33800 | Two-Year | ANTHONY CISNEROS |
| 35898 | Two-Year | FREDDY DE LA PAZ |
| 40476 | Two-Year | DONNELL GRANT |
| 56513 | Two-Year | CHRISTOPHER SABB |

Exhibit A